State ex rel. Walsh, and Walsh, vs. Dousman.

STATE ex rel. WALSH, and WALSH, vs. DOUSMAN.

| | |
|---|---|
| 28 | 541 |
| 91 | 357 |
| 28 | 541 |
| 57 LRA | 664 |

CONSTITUTIONAL LAW. (1–4) *Uniformity of County Government — Const., Art. IV., sec. 23 — P. and L. Laws of 1869, ch. 397.*
VALIDITY OF STATUTE. (5,6) *When the whole statute declared inoperative for invalidity of a part.*
PRACTICE. (7) *Judgment on overruling demurrer, in* quo warranto.

1. Sec. 23, art. IV., of our state constitution, which provides that "the legislature shall establish but one system of town and county government," and that this "shall be as nearly uniform as practicable," is *mandatory;* and the court must declare invalid any enactment in violation thereof.
2. A legislative act which does not impair the *unity* of the system of town and county government, may yet be destructive of its *uniformity*, and invalid for that reason.
3. An enactment which would deprive the supervisors of one county of any part of the general powers of county government vested in all boards of supervisors by the general statutes of the state, and confer such powers on some other officer or body elected or appointed for the purpose, is in violation of said section and void. *State ex rel. Peck v. Riordan* (24 Wis., 484), and *State ex rel. Keenan v. Supervisors* (25 id., 339), as to the above points, approved and followed.
4. Ch. 397, P. & L. Laws of 1869, so far as it restricts the power of the supervisors of Milwaukee county to act upon claims against the county and enter into contracts in its behalf, without previous action thereon by the *county auditor*, whose election is therein provided for, or requires a vote of two-thirds of the members elect of such board to allow claims or enter into contracts disapproved by such auditor, is void under the principles above stated.

5. Where the void parts of a statute were evidently designed as a compensation for or inducement to the remaining parts, so as to warrant the belief that the legislature would not have passed the valid portions alone, the whole statute will be held inoperative.

6. Under this principle, the court holds that said ch. 397 is inoperative, and that the person who was elected auditor pursuant to its provisions is not entitled to hold such office.

7. Where it appears, upon overruling respondent's demurrer in *quo warranto*, that he cannot be benefited by a permission to answer, judgment of ouster will go against him.

*Palmer, Hooker & Pitkin*, for the plaintiff.
*C. K. Martin*, for the defendant.

LYON, J. This is an action of *quo warranto*, commenced in this court, and the relief demanded is, that it be adjudged, 1st. That the defendant is not entitled to the office of county auditor of the county of Milwaukee, which he now holds and the duties of which he is now performing; and, 2nd. That the relator is entitled to such office.

The office was created by chap. 397 of the Private and Local Laws of 1869, entitled ' An act to provide for the election of a county auditor for the county of Milwaukee, and to define his powers and duties."

A demurrer was interposed to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action.

The question of the constitutionality of the law creating the office is the only one raised by the demurrer which we find it necessary to decide.

Art. IV., sec. 23, of the constitution, is as follows: "The legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable."

The act creating such office provides that "all claims and accounts against the county of Milwaukee, *before being passed upon by the board of supervisors of said county*, and every contract to which said county shall be a party, *before being executed*

*by or on behalf of said county*, shall be presented to said auditor, and such claims or accounts allowed in whole or in part, or disallowed by him, and such contracts approved in whole or in part, or disapproved by him." (Sec. 3.)

Sec. 5 of the act is as follows: "If said auditor shall disallow any claim or account in whole or in part, or shall disapprove any proposed contract in whole or in part, he shall, at the request of any person interested, report his reasons for such disallowance or disapproval to the board of supervisors, who may thereupon, after hearing the testimony in the case, allow or reject such account, or cause such contract to be executed; *provided*, that no claim or account which has been disallowed by said auditor in whole or in part, shall be allowed by said board for an amount exceeding the amount allowed by such auditor, nor shall the said board cause any contract to be executed, notwithstanding the disapproval of said auditor, *except by a majority of two-thirds of all the members elect of said board.*"

The act further gives the auditor the power to summon witnesses and administer oaths for the purpose of obtaining the necessary proofs relating to any claim, account, or proposed contract.

The remainder of the act prescribes the term of office of the auditor, the time of his election, his salary, the manner of conducting his business, and the method of filling a vacancy in the office.

Is the system of county government which prevails in Milwaukee county since the passage of this act, "as nearly uniform as practicable," with the system of county government, which prevails in all of the other counties of the state?

In all of the counties in this state, save the county of Milwaukee, the boards of supervisors are vested by law with power, among other things, at any legal meeting, "1. To make such orders concerning the corporate property of the county as they may deem expedient."

" 2. To examine and settle all accounts of the receipts and expenses of the county ; and to examine, settle and allow all accounts chargeable against such county    *    *    *    *."

" 3. To build and keep in repair county buildings."

" 4. To cause the county buildings to be insured in the name of the treasurer of the county and his successors in office, or otherwise, for the benefit of the county, as they shall deem expedient, and in case there are no public buildings, to provide suitable rooms for county purposes."

" 6. To represent the county, and to have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision shall be made." R. S., chap. 13, sec. 27.

For the purpose of exercising these powers, a quorum of the board consists of a majority of all persons entitled to seats in it (R. S., chap. 13, sec. 25) ; and, as a matter of course, if there be a quorum present, any order or direction in the execution of such powers may be passed by an affirmative vote comprising a majority of the members present.

But if the law of 1869, creating this office of auditor, be a valid enactment, the board of supervisors of the county of Milwaukee cannot pass upon a claim or account, and cannot exercise any of the foregoing powers, where, in order to exercise the same, it becomes necessary to enter into a contract on behalf of the county, until such claim or account, or such proposed contract, has been presented to the auditor, and either allowed or disallowed, approved or disapproved, in whole or in part by him. After such action by the auditor, the board is then permitted to act upon such claim or proposed contract. But in such case, the board cannot allow the account disallowed, or authorize the proposed contract, disapproved by the auditor, to be made, but by a vote of two-thirds of all the members elect of the board.

In any other county, if a claim be presented in the first instance to the board of supervisors, the board has the power and

it is its duty to act upon it. In the county of Milwaukee, under this law, that power is taken away until the auditor has passed upon the claim, and either allowed or disallowed it.

In any other county, a majority of the members elect of the board constitutes a quorum ; and if only a bare quorum be present, a majority thereof may allow the claim and order it paid. That is, if the board consists of seventeen members, nine of those are a quorum, and if only a quorum vote upon the question of allowance, the affirmative votes of five members would allow the claim. In the county of Milwaukee (if the act under consideration is a valid law), in case the auditor disallows the claim, if the board consists of seventeen members, it requires an affirmative vote of twelve of these to allow it and order it to be paid. In such contingency the disapproval of the auditor has the force and effect of the votes of *seven* members of the board in favor of allowing the claim. And the same is true of proposed contracts which have been disapproved by the auditor.

The *uniformity* in the system of county government, which the constitution requires, has been the subject of discussion and adjudication by this court in the cases of *State ex rel. Peck v. Riordan*, 24 Wis., 484; *State ex rel. Keenan v. The Supervisors of Milwaukee County*, 25 id., 339. In the former of these cases it was held, that an act providing for a county board of supervisors in the county of Washington of *eight* members, which, under the general law in force in all other counties of the state, would consist of only *three* members, was in conflict with the provision of the constitution before mentioned, and therefore void. In the latter case it was held, that an act was void for the same reason, which appointed a board of commissioners to perform certain duties and exercise certain powers pertaining to the building of a court house in the county of Milwaukee, which, but for the act, would have been exercised and performed, under the general statutes of the state, by the board of supervisors of that county.

The reasoning by which the court reaches its conclusions in those cases, demonstrates that the following propositions are true:    1st. That the provision of the constitution which requires that the system of town and county government "shall be as nearly uniform as practicable," is not merely directory, addressed to the judgment and discretion of the legislature alone, whose action in any given case is to be held final and conclusive; but that it is a mandatory provision, and if it is violated by any enactment of that body, it is the duty of the courts to declare such enactment invalid.    2d. That this constitional requirement is not satisfied merely by establishing one system of town and county government, but such system must be made as nearly *uniform* as practicable throughout the state; and that such uniformity may be broken without impairing the unity of the system.    3d. That an enactment by which the legislature attempts to take from the board of supervisors of a county any part of the ordinary general powers of county government vested in all boards of supervisors by the general statutes of the state, and to confer such powers upon some other officer or body elected or appointed for the purpose, is in conflict with such constitutional provision, and therefore void.

We have already seen that this act of 1869, creating the office of auditor of Milwaukee county, does attempt to take from the board of supervisors thereof important powers in respect to the affairs of that county, which it possessed, under the statutes of the state, in common with every other board of county supervisors in the state in respect to the affairs of their respective counties, and to confer the powers so taken from such board upon a county auditor.

It will readily be seen, by an examination of chap. 372, Private and Local Laws of 1869, which enactment was held unconstitutional in *State ex. rel. Keenan vs. The Supervisors of Milwaukee*, that the powers thereby attempted to be conferred upon the court house commissioners, were no greater than is attempted by chap. 397 to be conferred upon the county auditor. Indeed,

both acts are the same in principle, and, when this court held that the former act was in conflict with the constitution, it practically held that the latter was also in conflict therewith. We think that case was correctly decided, and we must therefore apply the principle settled by it to this case.

But it is said that parts of a statute may be unconstitutional, yet other parts, which are not in conflict with the constitution, and which may be executed independently of the void parts, should be held valid. This is doubtless true in some cases. And it is argued that although those portions of the act creating the office of auditor of Milwaukee county, which take from the board of supervisors the power to allow accounts against the county and to make contracts on behalf of it, in the first instance, and which require more than a majority of the members present to allow accounts which have been disallowed, and to make contracts which have been disapproved by the auditor, are invalid, still the balance of the act should be held valid.

The law on this subject, as settled by this court, is, that in such cases, where the void parts of a statute were evidently designed as compensation for, or inducements to, the valid portions thereof, so that the whole taken together warrant the belief that the legislature would not have passed the valid portions alone, the whole statute should be held inoperative. *Slauson v. Racine*, 13 Wis., 398.

It requires but little argument to show that, with the void parts stricken therefrom, the legislature would not have passed the act of 1869. The act was obviously intended to operate as a check upon the board of supervisors, to prevent them from squandering the public money by allowing unjust claims against the county, and by making improvident contracts in its behalf. Strike out the unconstitutional provisions, and it is impotent to accomplish the purposes for which it was enacted. It cannot be presumed that the legislature would have created an office, and compelled the county to pay the incumbent thereof a salary of from one to two thousand dollars per annum, when

they could not confer any powers upon such incumbent which would enable him to be of any service to the county. All that remains of the act after striking out the void parts, is simply to provide the county with an officer who may examine accounts and claims against the county, and proposed contracts to which it is a party, if those interested therein see fit to pre-sent them to him for examination, and who may give the board of supervisors his views in respect thereto. That the auditor would have no duties to perform under such a law, which would be of the slightest benefit to the county, is so apparent that we are fully satisfied that the legislature would not have enacted it. Or, in other words, we are satisfied that the void parts of the act were the compensation for or inducements to the valid portions thereof; and, under the rule above stated, the whole act must be held void.

It follows that the demurrer to the complaint must be over-ruled; and, inasmuch as it cannot benefit the defendant to be permitted to answer the complaint, there must be a judgment of ouster against him.

*By the Court.*—So ordered.