McRae vs. Hogan and others.

McRae vs. Hogan and others.

CONSTITUTIONAL LAW.   *Uniformity of town and county government.*

Ch. 458, P. & L. Laws of 1869, which attempts to take from the possession and control of the town officers in Chippewa county a portion of the moneys raised in their towns for highway purposes, and entrust its expenditure to the county board, contrary to the general law (ch. 19, R. S.), violates sec. 23, art. IV of the state constitution, which requires the system of town and county government to be as nearly *uniform* as practicable.

VOL. XXXIX. — 34

APPEAL from the Circuit Court for *Chippewa* County.

This action was brought by the treasurer of Chippewa county against *Hogan*, as treasurer of the town of Eagle Point in said county, and his sureties; and the complaint avers in substance, that said town treasurer, prior to March 1, 1875, had collected for highway taxes on lands lying north of a line drawn east and west through the south line of township thirty-three in said county, the sum of $2,898; that by ch. 458, P. & L. Laws of 1869, it became his duty to pay over said sum to plaintiff as county treasurer; and that he had refused to do so, on demand.

The defendants demurred, on the ground that the complaint did not state a cause of action; and the plaintiff appealed from an order sustaining the demurrer.

*J. M. Bingham*, for appellant, contended that the constitution of this state does not prohibit the legislature from appointing any agent it may think proper, to disburse public moneys. Dillon on M. C., §§ 34, 35, with cases cited in the notes, and ch. 19, p. 560; *Mayor, etc., v. Board of Police*, 15 Md., 376; *People v. Draper*, 15 N. Y., 532. Within the constitution, the legislature may appropriate the public moneys for local or private purposes; may impose a tax upon the whole state or any portion thereof, or upon any particular and specified kind of property; may determine what sums shall be raised by taxation, and the purposes to which the money shall be applied, including any purposes which it may itself judge to be promotive of the public good. *Town of Guilford v. Sup'rs Chenango Co.*, 13 N. Y., 146–8; *Borough of Dunmore's Appeal*, 52 Pa. St., 374. The act here pleaded, regulating the disposition of the highway tax collected in towns north of town 33, does not violate the constitutional provision concerning uniformity of town and county government. The system of expending highway taxes under the direction of the county board of supervisors has been in force for a number of years in several counties of the state; and the county board

McRae vs. Hogan and others.

have power, by resolution, to determine upon what roads and what portions of the county highway taxes raised in any city or village may be used, provided said city or village does not, by resolution, within thirty days after the tax is raised, determine where it shall be expended. And a city, town or village has power to apply the same funds outside of its own limits. Tay. Stats., 307, 307a, 307b. Courts will not hold legislative acts unconstitutional, unless they are clearly so. *Sydnor v. Palmer*, 32 Wis., 406. The general law for the disposition of the highway tax requires it to be expended in the territory or district where raised. The act in question merely provides that the tax shall be expended north of a certain specified line. It does not *require* the supervisors to expend in one town the taxes raised in another; and it must be *presumed* that they will obey the general law in that respect. Counsel further argued that the system of town and county government is merely required to be " as nearly uniform *as practicable;* " that geographical differences in counties may require differences in the system (*State ex rel. Keenan v. Sup'rs*, 25 Wis., 350); that by reason of the enormous extent from north to south of some towns in Chippewa county, while the majority of the population is at the southern extremity, the general method provided by law for the disposition of the highway taxes in such towns is not " practicable," because it tends to great injustice; and that the legislature, by the act in question, has expressed its judgment to that effect, and is the sole judge of that question.

*W. P. Bartlett*, for respondents, contended that ch. 458, P. & L. Laws of 1869, was inconsistent with the general laws applicable to all towns in this state except those of Chippewa county, regulating the duties of town treasurers in the collection and payment of highway and other taxes, the duties of overseers of highways in keeping roads in repair and in expending the highway taxes collected in their towns (R. S., ch. 19), and the liability of towns for defective highways (Tay.

Stats., 513); and that the act is invalid under the constitutional provision requiring uniformity of town and county government. *State ex rel. Walsh v. Dousman*, 28 Wis., 541; *State ex rel. Peck v. Riordan*, 24 id., 484; *State ex rel. Keenan v. Supervisors*, 25 id., 339.

COLE, J. The invalidity of ch. 458, P. & L. Laws of 1869, is to our minds a point too plain to admit of discussion. The act requires the town treasurers of the several towns in Chippewa county to pay over to the county treasurer of the county all moneys received by them for highway taxes on all lands lying north of a designated east and west line; and the county treasurer is directed to pay over such moneys on the order of the county board of supervisors. The county board is authorized and required to expend these moneys in the building of wagon roads up the Chippewa river and its tributaries, the roads to commence at the designated line referred to above and to extend up said river and tributaries. This is the substance of the act in question. Its manifest purpose and design are, to take from the possession and control of the officers of the towns a portion of the moneys raised in the towns for highway purposes, and intrust its expenditure to the county board. The act is clearly and flagrantly in violation of sec. 23, art. IV of the constitution, as that provision was interpreted by this court in the cases of *State ex rel. Peck v. Riordan*, 24 Wis., 484; *State ex rel. Keenan v. The Supervisors of Milwaukee County*, 25 id., 339; and *State ex rel. Walsh v. Dousman*, 28 id., 542.

Under the general law (ch. 19, R. S.), the supervisors of the several towns are, by virtue of their office, commissioners of highways in their respective towns, and have power to lay out highways. It is made the duty of such supervisors, and of the overseers of highways, to keep the highways and bridges in their respective towns in sufficient repair; and towns are made liable for any damage which shall happen to any person

by reason of the insufficiency or want of repair of any bridge or public highway. Provision is made for levying and collecting highway taxes, which are expended by the officers of the town. This is the general system. While the liability of the towns affected by the act continues, a portion of the highway taxes raised in the towns is taken from the control of the town officers, and placed under the control of the county board. And in respect to the control and expenditure of that amount of the highway tax, the act attempts to confer upon the county board all the powers and duties of the town officers. It is difficult to imagine a more plain and palpable violation of the principle of uniformity in the system of town and county government than is furnished by the act. The cause of action stated in the complaint is founded on this law, and falls with it.

*By the Court.* — The order of the circuit court sustaining the demurrer to the complaint is affirmed.