THE STATE ex rel. THE TOWN OF LA VALLE vs. THE BOARD OF SUPERVISORS OF SAUK COUNTY.

*January 16 — March 3, 1885.*

*Constitutional law: Town and county government: Bridges.*

1. Ch. 315, Laws of 1881, relating to county aid in the construction of bridges, and providing that " this act shall not apply to the county of Grant," violates sec. 23, art. IV, of the constitution requiring uniformity in town and county government.

2. Where it is essential to the validity of an act that it should be uniform in its application, and the legislature has expressly declared that it shall not apply to a certain locality, the whole act must be held invalid.

APPEAL from the Circuit Court for *Sauk* County.

. This is an appeal from an order denying a motion of the relator town for a writ of *mandamus,* and dismissing the proceedings in that behalf.   The application was made under sec. 1319, R. S., as amended, to compel the county of Sauk to aid in the construction of a certain bridge in that town. The motion was founded upon an affidavit setting forth all the facts which, under that statute, are essential to the relator's right to the relief demanded.

Sec. 1319 was first amended by ch. 126, Laws of 1879, to read as follows:   "Whenever it shall appear to the county board that any one of the towns in its county would be re-

quired to raise an amount equal to more than one tenth of one per centum of all the taxable property in such town, according to the last equalized valuation, for the purpose of erecting or repairing any bridge or bridges upon the principally traveled highway of such town; or when it shall be made to appear that a bridge in any town is necessary for the use and convenience of the adjoining town rather than the town in which it shall be situated, it shall cause such sum to be levied upon the taxable property of the county as will be sufficient to defray the expense of erecting or repairing the same, or such part of such expense as it may deem proper." The remainder of the section contains no provision material to this case.

Sec. 1319 was again amended in 1881 by ch. 315 of the laws of that year. The material features of such amendment are that the town in which the bridge is situated should be required to raise one fourth of one per cent. bridge tax, instead of one tenth of one per cent., as required by the law of 1879, before the county could be compelled to furnish aid; and it takes away the discretion of the county board as to the portion of the expense which should be borne by the county, by requiring the county to defray the whole of the expense of erecting and repairing the bridges mentioned therein. It also contains the proviso that "this act shall not apply to the county of Grant." Because it contained such proviso, the circuit court denied the relief demanded.

*G. Stevens*, for the appellant.

*R. P. Perry*, for the respondent.

LYON, J. The principal question to be determined on this appeal is whether ch. 315, Laws of 1881, violates sec. 23, art. IV, of the constitution, which ordains that "the legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable." It is maintained that the statute does violate that constitutional

provision, and is therefore invalid, because of the proviso that it shall not apply to the county of Grant. The learned circuit judge held the statute invalid on the authority of *McRae v. Hogan*, 39 Wis. 529. In that case the court had under consideration ch. 458, P. & L. Laws of 1869, which required the town treasurers of the several towns in the county of Chippewa to pay over to the county treasurer all moneys received by them for highway taxes on all lands lying north of a specified line running east and west across said county, and requiring such county treasurer to pay over the same to the board of supervisors of that county upon the order of the board. Such board was authorized and re-- quired to expend such moneys in building wagon roads, north of said line, up the Chippewa river and its tributaries. It was held that the act was in violation of the constitutional provision above quoted, and therefore invalid within the rule laid down in *State ex rel. Peck v. Riordan*, 24 Wis. 484; *State ex rel. Keenan v. Supervisors*, 25 Wis. 339; *State ex rel. Walsh v. Dousman*, 28 Wis. 541.

The general law provided that highway taxes raised in any town should be expended, by the proper town officers, for the construction and repair of highways within such town; but the statute of 1869 deprived the town officers of that power in a few towns in Chippewa county, and conferred it upon the county board of supervisors, while the power remained intact in all other towns in the state. This was held a violation of the constitutional rule. The act of 1881, now under consideration, relieves all of the towns in the state, outside of Grant county, from the expense of erecting and maintaining the bridges specified in the act, and casts the burden of doing so upon the respective counties, while each town in Grant county is compelled to erect and maintain any such bridges within its limits at its own expense. There is no difference in principle in the two cases; and so the circuit judge correctly held.

State ex rel. The Town of La Valle vs. Supervisors of Sauk County.

It was argued by counsel for the appellant that, although the proviso in the act of 1881 is invalid, it does not vitiate the whole act, and that the residue of it may be upheld as a valid law. The rule in such case is that, unless the void part was the compensation for or inducement to the valid portions, so that the whole act taken together warrants the belief that the legislature would not have enacted the valid portions alone, such portions will be operative; otherwise, not. Among the cases in this court which lay down or recognize this rule are the following: *Slauson v. Racine*, 13 Wis. 398; *State ex rel. Walsh v. Dousman*, 28 Wis. 541; *Slinger v. Henneman*, 38 Wis. 504; *Dells v. Kennedy*, 49 Wis. 555; *State ex rel. Cornish v. Tuttle*, 53 Wis. 45. In some of these cases the valid portions of the acts under consideration were held operative, while in others the invalid portions were held to vitiate the whole act. Each case was decided upon its own peculiar facts and circumstances, as every case must necessarily be which involves the determination of the effect of invalid provisions in an enactment containing, also, provisions which, had they stood alone, would have been valid.

In the present case there is no room for the application of this rule, for the reason that the legislature has not enacted that the statute should extend to Grant county, but has expressed a contrary intention. By no possible construction can the statute be held to be operative in Grant county; and it is essential to its validity that it be operative in that as well as in every other county in the state.

It was further maintained on behalf of the appellant that, although ch. 315, Laws of 1881, is not a valid law, still sec. 1319, R. S., as amended by ch. 126, Laws of 1879, remains in force, and the *mandamus* prayed for may be issued under that section as amended. Undoubtedly, sec. 1319, as so amended, is in force; but that section leaves the sum which shall be levied upon the county for the purposes specified in the act

entirely in the discretion of the board of supervisors. The board is only required to raise, for the specified purposes, such sum "as it may deem proper." It is very doubtful whether a writ of *mandamus* can properly go to compel a public officer or board to dò a given act when such officer or board is vested with a discretion in the premises so' nearly absolute; but, however that may be, the application for a *mandamus* in the present case is based upon sec. 1319, R. S., as amended by the act of 1881, and not upon that section as amended by the act of 1879.

*By the Court.*— The order of the circuit court, denying the *mandamus*, is affirmed.