GILBERT-ARNOLD LAND COMPANY, Respondent, vs. THE CITY OF SUPERIOR and others, Appellants.

*October 24 — November 8, 1895.*

*Municipal corporations: Salaries: Adoption of part of general law: Repealing clause: Ordinance void in part: Costs.*

1. The payment of salaries to the mayor and aldermen of cities (except those of the first class) organized under the general law (ch. 326, Laws of 1889) was prohibited by sec. 262 of that act. That section was repealed by sec. 73 of an amendatory act, ch. 312, Laws of 1893. Sec. 72 of the act of 1893 provides that "any city now organized under a special charter may adopt the provisions of any special chapter, section, or subdivision of any section of this act." *Held,* that a city whose charter prohibited the payment of salaries to the mayor, aldermen, and certain other officers could not adopt the repealing clause of said sec. 73 in place of the section in its charter containing said prohibition, and thus pave the way for granting salaries to such officers.

2. If the void part of a municipal ordinance is the compensation for or the inducement to the valid portion, so that, looking at the whole ordinance, it is reasonably clear that the common council would not have enacted the valid portion alone, the whole ordinance will be held inoperative and void.

3. The allowance of costs to the plaintiff in an action to restrain a city and its officers from paying certain salaries was a matter in the discretion of the trial court.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

This is an action to restrain the city of *Superior* and its officers from paying any greater salaries than such as were authorized by the city council on the 6th day of March, 1894. The following are undisputed facts:

On the 6th day of March, 1894, and for the year previous, the charter of the city of *Superior* (sec. 15, ch. 124, Laws of 1891) required the common council, in the month of March each year, to fix all the salaries to be paid for the ensuing year to every city officer entitled to a salary, to be elected during such year; and by sec. 239 of the charter the payment of any salary to the mayor, aldermen, supervisors, or school commissioners was expressly prohibited. On the day named the common council, in compliance with said sec. 15, at a regular meeting, had before it for consideration the report of the committee on the subject of salaries to be paid to officers for the ensuing year. Such report being up for consideration, on motion the recommendation of the committee for the payment of a salary to the mayor, also for the payment of salaries to the aldermen, for the ensuing year, was adopted. At this meeting there was pending and ready for final action a proposed ordinance having for its object the substitution of sec. 16, ch. 312, Laws of 1893, being the provision in the general law for the organization of cities, relating to salaries of city officers, for sec. 15 of the charter of *Superior*, covering the same subject, and for the substitution of sec. 73 of said ch. 312 for sec. 239 of said city charter. The substituted section is a repealing clause in the act of 1893, which act is amendatory of the general law for the organization of cities (ch. 326, Laws of 1889), expressly repealing sec. 262 of said general law, and all portions of such general law inconsistent with said ch. 312. Sec. 262, referred to, expressly prohibited the payment of salaries to the mayor or aldermen in cities organized under the general act, except in cities of the first class. Said sec. 73 of the act of 1893, which it was thus proposed to make a part of the

charter of the defendant city by substituting the same for sec. 239 of such charter, was in fact not a part of the general law for the organization of cities, but was, as stated, merely a repealing clause, used to bring the amendatory act of 1893 and the original act of 1889 into harmony with each other. It was proposed to so amend the charter of the city of *Superior*, under authority of sec. 72 of said ch. 312, which provides that "any city now organized under a special charter may adopt the provisions of any special chapter, section, or subdivision of any section of this act."

At the meeting of the council, held as before stated, and after the proceedings were had adopting the report of the committee fixing salaries for the mayor and aldermen, the proposed ordinance to substitute portions of the general law for the organization of cities for portions of the city charter was adopted, and the proceedings in that regard appear minuted in the records of the city clerk as follows: "Under suspension of the rules, ordinance adopting certain portions of the general charter with reference to salaries of mayor and aldermen was given its second reading. Ordinance passed by the following vote: Ayes, 16; noes, 1; Alderman Barton voting no." Alderman Barton was a member who objected to the action theretofore had in relation to salaries for the mayor and aldermen, for want of authority under the charter to pay such salaries. Thereafter the report of the committee on salaries was amended in some particulars and adopted as a whole. On the 13th day of March, 1894, at a meeting held on that day, the council, by ordinance, provided for the payment of salaries to the mayor and aldermen.

Certain officers of the city for 1894, made defendants in the action, claimed that the ordinance referred to was effectual to at once amend the charter by the substitution of sec. 16, ch. 312, Laws of 1893, for sec. 15 of the charter, and that, as the former section provides for the fixing of salaries

at the first meeting of the council in February for the officers to be elected for the ensuing year, the action of the council on the 6th day of March after the passage of the ordinance was without authority, and that they were entitled to receive pay according to the salaries fixed the preceding year, which were in many cases higher than according to the action of March 6, 1894. Certain officers of the city, made defendants, concurred in this theory, and plaintiff brought the action in its own behalf and that of other taxpayers of the city to prevent the payment of salaries is excess of the amounts fixed March 6, 1894.

The trial court further found as a fact that the purpose of the council in passing the ordinance referred to was to so amend the city charter as to allow the payment of salaries to the mayor, aldermen, supervisors, and school commissioners; and he found as a conclusion of law that the salaries were legally fixed by the common council on the 6th day of March, 1894, that the officers were not entitled to any greater compensation than the salaries so fixed, and judgment was ordered in plaintiff's favor in accordance with such conclusions. From such judgment the defendants appeal.

For the appellants there were briefs by *W. E. Hoehle* and *Crownhart, Owen & Foley,* and oral argument by *W. C. Owen.*

*Victor Linley,* for the respondent.

MARSHALL, J. It is not claimed, and indeed cannot be seriously, that the common council of the appellant city had any authority, under sec. 72, ch. 312, Laws of 1893, to adopt the repealing clause of that act in place of sec. 230 of the city charter, prohibiting the payment of salaries to certain officers named therein, and thereby pave the way for granting salaries to such officers. The action of the common council in that regard is without even the semblance of legal authority. The substituted section does not constitute any

part of the general law for the organization of cities; none whatever. The finding of the trial court that the purpose of the entire ordinance was to prepare the way for the granting of salaries prohibited by sec. 239 of the charter is abundantly supported by the evidence, and, as its purpose in that regard wholly failed because, notwithstanding the ordinance, the prohibitory clause referred to still remained in force, the question is presented, What becomes of the balance of the ordinance?

We hold that the rule in regard to unconstitutional laws applies, which may be stated as follows: If the void part of the act is the compensation for or the inducement to the valid portion, so that, looking at the whole act, it is reasonably clear that the legislative body would not have enacted the valid portion alone, then the whole act will be held inoperative and void. *Slauson v. Racine*, 13 Wis. 398; *State ex rel. Walsh v. Dousman*, 28 Wis. 541; *Slinger v. Henneman*, 38 Wis. 504; *Dells v. Kennedy*, 49 Wis. 555; *State ex rel. Cornish v. Tuttle*, 53 Wis. 45; *State ex rel. La Valle v. Sauk Co.* 62 Wis. 376. From the foregoing it follows that the entire ordinance under consideration, by which it was attempted to amend the charter of the appellant city, is void, and that such charter stands the same as before the attempted amendment, with the prohibition against the paying of salaries to the officers mentioned in sec. 239 in full force, and sec. 15, requiring the council to fix the salaries of city officers in March, in force as well.

If the attempt to amend the charter had been successful, the result of this case would necessarily be the same. Sec. 37 of the charter expressly provides that all ordinances shall be published within fifteen days after their passage and before they shall take effect. Under this provision, that in no event could the amendatory section have been made effective till after the time the salaries for 1894 were fixed is too clear for argument. Hence it follows, as stated, that in any

view of the case the salaries of the officers for 1894 were limited and fixed by the action of the council at the meeting of March 6th of that year.

A question of costs is presented, in that it is claimed that costs should not have been awarded by the court below to respondent. That was a matter in the sound discretion of the trial court, and, as we are unable to say there was any abuse of discretion in the matter, the judgment cannot be disturbed on that ground.

It follows from the foregoing that the judgment appealed from was right and should be affirmed.

*By the Court.*— Judgment affirmed.