Summers, J.
The question presented is the effect of the repeal of the inheritance tax law. The repealing, statute is as follows' (98 O. L., 229) “That the act entitled ‘An act to impose a tax upon the right to succeed to, or inherit property,’ passed April 25, 1904, 97 Ohio Laws, 398-400, be and the same are hereby repealed, except as to estates in *49 which the inventory has already been filed at the date of the passage of this act.
“C. A. Thompson,

“Speaker of the House of Representatives.

“James H. Williams, “President pro tern, of the Senate.
“Passed April 2 ,1906.
“This bill was presented to the governor, April 3, 1906, and was not signed or returned to the house wheréin it originated within ten days after being so presented, exclusive of Sundays and the day said bill was presented, and was filed in the office of the secretary of state, April 16, 1906.
“Lewis B. Houck,

“Secretary to the Governor.”

Counsel agree that the exception is invalid, but from different motives. On the part of counsel for the plaintiffs it is contended that the exception being invalid, the right to the tax expired with the repeal, while on the part of the defendants the contention is that the exception being unconstitutional, the whole act is void, and the inheritance law is still in force, or, if only the exception is void, that a retrospective operation by the statute is saved by Section 79, Revised Statutes, which is to the effect that a repeal shall not affect causes of action, prosecutions or proceedings, existing at the time of such repeal, unless otherwise expressly provided in the repealing act.
In State of Ohio, ex rel., v. Ferris, 53 Ohio St., 314, the first inheritance tax law of this state was held'unconstitutional on the ground of inequality in its exemptions and in the rate of the tax. If there must be equality in the law imposing the tax, upon what ground can it be given an unequal operation *50 by an amendment or by an exception in a repealing statute. The constitutionality of a statute depends upon its operation and effect, and not upon the form it may be made to assume. State v. Hipp, 38 Ohio St., 199.
. The exception being void, the question arises whether the whole act must be declared unconstitutional. The rule of construction is that “where the void parts of a statute were evidently designed as a compensation for, or inducement to, the valid portions thereof, so that the whole' taken together warrants the belief that the legislature would not have passed the valid portions alone, the whole statute should be held inoperative.” State, ex rel., Walsh, and Walsh v. Dousman, 28 Wis., 541. The title of th'e act does not leave room for even suspicion that the exception was an inducement to the repeal.
The remaining question is as to the effect of Section 79, Revised Statutes. The general rule is that when an act of the legislature is repealed without a saving clause, it is considered, except as to transaction past and closed, as though it had never existed (Lewis’-. Sutherland on Statutory Construe-' tion, Section 282), and in Surtees and Another, Assignee, v. Ellison, 9 B. & C., 750, Lord Tenterden, C. J., says -that it must not be destroyed by indulging in conjectures as to the intention of the legislature. The rule is áncient and is grounded upon the presumed intention of the legislature, however, in nearly every state the rule has become largely inoperative because of general saving statutes, like our Section 79. Such statutes are to be given the same effect as a saving clause in the repealing statute unless a different intention is *51 clearly apparent. Of course one legislature has no authority to make rules that are binding upon its successor, but the statutory rule evidently was suggested by experience, and from the generality of its adoption undoubtedly it is important, and in the absence in the repealing statute of any manifestation of a different intention perhaps a legal presumption arises that the legislature intended it to apply, but if a different intent appears in the repealing statute effect must be given to that intent notwithstanding the statutory rule. That the legislature intended that no inheritance tax should be collected after the repeal is necessarily implied by the exception and so Section 79 does not apply. It follows that the demurrers should have been overruled and the judgments are

Reversed.

Shauck, C. J., Price, Crew, Spear, and Davis, JJ., concur.