STATE EX REL. VILLAGE OF MERRIMAC and others, Respondents, vs. HAZELWOOD and others, as the State Highway Commission, Appellants.

*May 5—October 27, 1914.*

*Bridges: Constitutional law: System of town and county government: Uniformity: Taxation: Special law: Validity.*

1. The general statutory plan or system for the construction of highway bridges is a part of the "system of town and county government" which, under sec. 23, art. IV, Const., must "be as nearly uniform as practicable;" and where it is practicable to build a bridge under that system, a statute (ch. 586, Laws of 1913) providing for its construction in an entirely different way is invalid.

2. Ch. 586, Laws of 1913, providing for the construction of a certain bridge and requiring two counties to levy and collect certain fixed amounts of taxes for that purpose upon presentation to the county boards of petitions showing certain facts, is a special law for the assessment and collection of taxes and is void under sec. 31, art. IV, Const.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

*Mandamus* action to compel the State Highway Commission to act under ch. 586, Laws of 1913.

An alternative writ of *mandamus* was duly sued out of the circuit court for Dane county requiring the State Highway Commission to proceed under such chapter or show cause why to the contrary. The purpose was to test the constitutionality of such chapter. Issue in respect to the matter was joined by a motion to quash. The motion was denied. This appeal is from the order in that regard.

The purpose of the legislative act thus appears in its title:

"An act to authorize the erection, construction, and maintenance of a free wagon bridge across the Wisconsin river in the counties of Sauk and Columbia at or near the village of *Merrimac,* Sauk county, Wisconsin, and to make the state park at Devils Lake more accessible, and creating section 172—122 of the statutes, and making an appropriation therefor."

The act purports to authorize the construction of the particular bridge mentioned in the title; partly at the expense of particular municipalities in Sauk county and Columbia county, partly at the expense of the two counties, and partly at the expense of the state; any group of freeholders desiring the improvement being given authority,—by depositing with the county treasurer fifty per cent. of any minor municipality's share which it may have refused to provide and presenting to the board of such municipality a petition stating the facts and including a receipt for such money signed by the county treasurer,—to obligate such municipality to burden itself with the other fifty per cent.

The village and town of Merrimac in Sauk county and the towns of West Point, Caledonia, and Lodi, and village of Lodi, in Columbia county are the designated minor con-

tributing municipalities.    The burden was thus apportioned: $5,000 to the village of *Merrimac,* $5,000 to town of Merrimac, $5,000 to town of West Point, $1,000 to town of Caledonia, $2,000 to town of Lodi, $2,000 to village of Lodi; each to raise its share either by issuance of bonds or by taxation or by the compulsory feature referred to.    Provision is made for the matter being submitted to the electors in their respective minor municipalities.    Upon providing their respective shares in any of the ways authorized, and the governing boards thereof making due presentment of the facts to their respective county boards, such boards are required to appropriate their respective county shares and to cause the same to be raised as other county taxes are required to be. Upon $40,000 being thus provided for, the state is required to pay the balance of the cost of the bridge, not exceeding $50,000, the same to be taken from any money in the treasury not otherwise appropriated.

The exact location of the bridge is left to such municipalities.    The State Highway Commission is required to provide the engineering service and superintend the construction, all of its services to be at the expense of the state.

The act provides that the bridge when completed "shall be operated and maintained in the first instance at the joint expense" of the particular minor municipalities "in proportion to the amounts originally contributed" and "if any of such municipalities shall not provide or pay its full share of such expense in any year, any or all of the remaining municipalities may provide for or pay it, and upon paying the same may recover of the municipality or municipalities in default, its or their share of the same" with interest and costs.    The counties are required to reimburse the municipalities for such expenditures to the extent of one fourth thereof.

The act provides that the money raised by the minor municipalities and counties shall be paid into the state treasury,

and that all expenses of constructing the bridge shall be disbursed upon orders drawn by the State Highway Commission.

The State Highway Commission contended that the act in question is void, particularly because it violates the constitutional mandate as to singleness and uniformity of town and county government, and the constitutional prohibition of special legislation for the assessment or collection of taxes. The circuit court decided to the contrary and denied the motion to quash.

For the appellants there were briefs by the *Attorney General* and *Walter Drew,* deputy attorney general, and oral argument by *Mr. Drew.*

For the respondents there were briefs by *Grotophorst, Evans & Thomas,* attorneys, and *Richmond, Jackman & Swansen,* of counsel, and oral argument by *Evan A. Evans* and *S. T. Swansen.* They contended, *inter alia,* that the law in question does not pertain to the system of town and county government. *Chicago & N. W. R. Co. v. Langlade Co.* 56 Wis. 614, 623, 14 N. W. 844; *Ex parte Wall,* 48 Cal. 279, 17 Am. Rep. 425; *Enterprise v. State,* 29 Fla. 128, 10 South. 740, 746; *Single v. Marathon Co.* 38 Wis. 363, 372; *Cathcart v. Comstock,* 56 Wis. 609, 14 N. W. 842; *State ex rel. Graef v. Forest Co.* 74 Wis. 610, 618, 43 N. W. 551; *Forest Co. v. Langlade Co.* 76 Wis. 605, 45 N. W. 598; *Bryant v. Robbins,* 70 Wis. 258, 35 N. W. 545; *Rock Co. v. Edgerton,* 90 Wis. 288, 289, 63 N. W. 291; *State ex rel. McCoale v. Kersten,* 118 Wis. 287, 292, 95 N. W. 120; *Verges v. Milwaukee Co.* 116 Wis. 191, 200, 93 N. W. 44. There is no system of town and county government in Wisconsin applicable to the situation disclosed in the petition. *Jensen v. Polk Co.* 47 Wis. 298, 309, 2 N. W. 320. The exigencies of the situation demanded the legislation in question. The constitutional provision merely enacts that the system of town and county government shall be as nearly uniform as *prac-*

*ticable.* Complete uniformity is neither required nor possible. The degree in which differences are permissible must necessarily be a legislative question, unless indeed the departure from uniformity is so gross and. glaring that the court can say the legislature has not exercised judgment or discretion. *State ex rel. Peck v. Riordan,* 24 Wis. 484; *State ex rel. Keenan v. Milwaukee Co.* 25 Wis. 339; *State ex rel. McCoale v. Kersten,* 118 Wis. 287, 95 N. W. 120; *State ex rel. Grundt v. Abert,* 32 Wis. 403, 405; *State ex rel. Sommer v. Erickson,* 120 Wis. 435, 98 N. W. 253; *Cathcart v. Comstock,* 56 Wis. 590, 14 N. W. 833; *Rooney v. Milwaukee Co.* 40 Wis. 23; *Rock Co. v. Edgerton,* 90 Wis. 288, 291, 63 N. W. 291; *State ex rel. Att'y Gen. v. Cunningham,* 81 Wis. 440, 484, 508, 518, 51 N. W. 724; *State ex rel. Lamb v. Cunningham,* 83 Wis. 90, 143, 53 N. W. 35; *Land, L. & L. Co. v. Brown,* 73 Wis. 294, 40 N. W. 482.

Winslow, C. J. The questions in this case are two, viz.: (1) Does the law violate the requirement of uniformity of town and county government (sec. 23, art. IV, Const.) ? and (2) Is it a special or private law for assessment or collection of taxes (sec. 31, art. IV, Const.) ?

1. The first constitutional provision above cited provides for the establishment of but "one system of town and county government, which shall be as nearly uniform as practicable."

Were the question whether the construction of bridges is necessarily a part of the "system of town and county government" a new one, there might be room for serious doubt about it. It is not new, however. This court after mature deliberation has held that the building of bridges and viaducts is a function of town and county government and is within the constitutional provision. *State ex rel. La Valle v. Sauk Co.* 62 Wis. 376, 22 N. W. 572; *Wagner v. Milwaukee Co.* 112 Wis. 601, 88 N. W. 577. See, also, *Bryant v.*

*Robbins,* 70 Wis. 258, 35 N. W. 545, and *State ex rel. Bu-
sacker v. Groth,* 132 Wis. 283, 112 N. W. 431.   The ques-
tion seems no longer open.   Additional force is given to these
decisions by the fact that the statutes now contain a general
plan or system operative throughout the state for the con-
struction of highway bridges, including bridges over navigable
rivers like the present, and this system was materially en-
larged and perfected by the very legislature which passed the
present act.   Secs. 1318, 1319, 1320, 1321, and 1321*a*, Stats.
The attempt to provide for the construction of this bridge in
an entirely different way from that provided in the general
system must be held to violate the requirement of uniform-
ity, inasmuch as it does not appear that it is impracticable
to build the same under the general system.

2. The law is clearly a special law.   Does it provide for
the assessment or collection of taxes ?   This question must be
answered in the affirmative.   It has been said by this court
that the constitutional provision prohibiting special legisla-
tion for assessment or collection of taxes "forbids the enact-
ment of special laws touching the entire subject of taxation."
*Kimball v. Rosendale,* 42 Wis. 407 ; *Chicago & N. W. R. Co.
v. Forest Co.* 95 Wis. 80, 70 N. W. 77.   As this law spe-
cifically requires the two counties named to levy and collect
certain fixed amounts of taxes upon presentation to the county
boards of petitions showing certain facts, it is impossible to
see how it can be claimed that it does not provide for both
the assessment and collection of taxes.

*By the Court.*—Order reversed, and action remanded with
directions to quash the alternative writ of *mandamus.*

BARNES, J. ，I concur in the conclusion reached, on the
second ground stated in the opinion only.