STATE EX REL. JOHNSON and others, Respondent, vs. COUNTY BOARDS OF SUPERVISORS OF LA CROSSE AND TREMPEALEAU COUNTIES, Appellants.

*April 30—May 21, 1918.*

*Constitutional law: County government: Uniformity: Classification: Bridges over county boundaries: Maintenance.*

Sec. 1325*i*, Stats. 1915, providing that public bridges *heretofore constructed* across waters forming county boundaries shall be operated, maintained, and repaired at the joint expense (apportioned as there stated) of the counties directly joined thereby, violates sec. 23, art. IV, Const., which requires a uniform system of town and county government—the classification made by said statute being based upon circumstances as they existed at the time of its enactment alone, and not permitting any subsequent additions to the class in question.

APPEAL from an order of the circuit court for Trempealeau county: JAMES WICKHAM, Judge.    *Reversed.*

The appeal is from an order denying a motion to quash an alternative writ of *mandamus.*

The Black river is the boundary line of La Crosse and Trempealeau counties in this state and was crossed by a bridge from the town of Caledonia in Trempealeau county to the town of Holland in La Crosse county on what was known as the McGilvary highway. This highway connects, among other points, the county seats of the respective counties.

Resident taxpayers of the respective towns made demand in October, 1915, upon the defendant counties that such bridge, alleged to have been out of repair and unfit for service for a long time, should be repaired so that the same might become open to public travel and afford petitioners access to their respective lands bordering on the McGilvary road. No steps were taken by the counties pursuant to such notice, and thereafter a petition was filed in this court asking that a writ of *mandamus* should be issued under the original·jurisdiction of this court to the respective counties requiring them to repair such bridge pursuant to sec. 1325*i*, Stats., being ch. 565, Laws 1915. This court certified the proceedings to the circuit court for Trempealeau county for hearing and determination. *State ex rel. Johnson v. County Boards,* 165 Wis. 164, 161 N. W. 356.

In the court below the defendant counties moved to quash the alternative writ of *mandamus,* which was based upon the said petition. From the order of the circuit court denying such motion to quash the defendant counties have appealed.

*Elmer E. Barlow* of Whitehall and *Otto M. Schlabach* of La Crosse, for the appellants.

For the relators there was a brief by *R. S. Cowie* of Whitehall and *Edward Lees* of La Crosse, and oral argument by *Mr. Cowie.*

ESCHWEILER, J.     The court below in this matter in effect held that the defendant counties were obliged to repair and

put in fit condition for public travel this bridge crossing the Black river between the two counties and that they should proportionately pay the expenses thereof, basing his ruling upon the provisions of sec. 1325i, Stats. 1915, which was created by ch. 565 of the Laws of 1915, and which reads as follows:

"Section 1325i. All public bridges, and the necessary approaches and appurtenances thereto, heretofore constructed across any river, stream or other waters forming the boundary line between two or more counties in this state by any county or any municipality or municipalities or by any county and municipality or municipalities, shall be operated, maintained and repaired at the joint expense of the counties directly joined thereby, and the expense of operating, maintaining and repairing the same, and all approaches and appurtenances thereto, shall be apportioned to and borne by each such county in proportion to the taxable property therein, as shown by the last preceding equalization by the state tax commission. Any matters relating to the repair of any such bridge, including the necessity and character thereof, upon which the county boards of such counties or the committees thereof cannot agree, may be submitted by any such county board or committee to the state highway commission for determination and the determination by said commission shall be binding upon all the counties liable for the maintenance and repair of such bridge. If any county shall not provide for or pay its full share of such expense in any year the other county or counties may provide for and pay the same, and may, at any time after thirty days after demand in writing served upon the county treasurer of the county in default, recover of such county the moneys so paid out for it, with interest from the time of payment and costs of suit."

It is contended by the defendant counties that such statute must be held null and void because in contravention of sec. 23, art. IV, Const., which is as follows:

"The legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable."

That legislation concerning the building of bridges by towns or counties and legislation such as here in question must, in order to meet the constitutional requirements, comply with this section of our constitution, is not an open question in this state. *State ex rel. Merrimac v. Hazelwood,* 158 Wis. 405, 149 N. W 141.

The plain language of this statute, speaking as it does as of the time of its enactment in August, 1915, applies only to such bridges as were *heretofore,* that is in 1915, already constructed across streams which formed county boundaries. This language admits of no reasonable construction which would allow it to apply to any bridge that may be constructed after August, 1915, over just such a boundary stream. In determining whether a bridge across a stream dividing two counties is to come within the intendment of this section it would be necessary to ascertain the fact whether such bridge had been constructed before or after August, 1915. If the former it is within, if the latter without, the intention of the statute. The bridges in this state that could be affected by this statute are therefore as definitely prescribed as though listed by name, number, or location in the act itself.

The classification thus made, therefore, is based upon circumstances as they existed at the time of its enactment alone, and will not permit of additions to such class to be made from time to time. Uniformity of town and county government under this clause of the constitution requires that legislation affecting such a subject as we have here under consideration must not be confined to present conditions or subjects only, and must be elastic enough to include conditions and subjects that may come into existence after the enactment of the legislation. *State ex rel. Merrimac v. Hazelwood,* 158 Wis. 405, 149 N. W. 141; *Bingham v. Milwaukee Co.* 127 Wis. 344, 347, 106 N. W. 1071; *Battles v. Doll,* 113 Wis. 357, 361, 89 N. W. 187; *Wagner v. Milwaukee Co.* 112 Wis. 601,

608, 88 N. W. 577; *State ex rel. La Valle v. Sauk Co.* 62 Wis. 376, 22 N. W. 572.

The same subject of uniform classification according to constitutional provisions is treated of in a number of other cases reaching the same conclusion. *Burnham v. Milwaukee,* 98 Wis. 128, 135, 73 N. W. 1018; *Maercker v. Milwaukee,* 151 Wis. 324, 329, 139 N. W. 199; *Kiley v. C., M. & St. P. R. Co.* 138 Wis. 215, 220, 119 N. W. 309, 120 N. W. 756; *Bloomer v. Bloomer,* 128 Wis. 297, 307, 107 N. W. 974; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 54, 98 N. W. 954.

We are therefore forced to hold that this sec. 1325*i*, Stats. (ch. 565, Laws 1915), does violate the provisions of sec. 23, art. IV, Const., and is void and affords no basis for the relief for which the petitioners ask.

While there may be great practical difficulties in the way of petitioners obtaining relief from the unpleasant predicament in which they find themselves with reference to this bridge, as would appear from their petition, from the apparent disinclination of the respective towns involved to do the necessary work of reconstruction or repair in the manner provided for under secs. 1319, 1320, and 1321, Stats., yet we cannot permit such a consideration to outweigh our plain duty to declare that the courts must refuse to enforce compliance with statutes enacted in violation of constitutional provisions.

This determination of the one question renders it unnecessary to dispose of any of the other questions raised or suggested on this appeal.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded with directions to quash the alternative writ of *mandamus* herein.