State ex rel. Joint School Dist. v. Nyberg, 183 Wis.. 215.

STATE EX REL. JOINT SCHOOL DISTRICT No. 1 OF THE TOWN
AND VILLAGE OF PRENTICE, Respondent, vs. NYBERG
and others, Appellants.

*February 12—March 11, 1924.*

*Statutes: Private and local laws: Act embracing several subjects:
Title.*

Sec. 40.05, Stats. (created by ch. 329, Laws 1923, which embraced
several subjects), providing that school districts consolidated
or annexed subsequent to January 1, 1921, shall be abolished,
unless affirmative action is taken by the electors within a lim-
ited time, is a local law, affecting a definite, ascertainable, and
limited class or group of school districts; and since the title
of the act fails to disclose the effect of said section on such
school districts, the act violates sec. 18, art. IV, Const., which
provides that no private or local bill shall embrace more than
one subject, and that shall be expressed in the title.  p. 218.

APPEAL from an order of the circuit court for Price
county: G. N. RISJORD, Circuit Judge. *Affirmed.* .

Prior to June 7, 1921, there were in existence in Price
county *Joint School District No. 1* of the village and town
of Prentice, *School District No. 2* (appellant here), and Nos.
4 and 10 of the town of Prentice. On that day, by a joint
order of the village and town boards under sec. 40.01, Stats.,
as then existing, these four were consolidated as *Joint School
District No. 1* of the town and village of Prentice (respond-
ent here). This order of consolidation was reversed by the
county board of education; affirmed by the state superin-
tendent of public instruction; reversed by the circuit court
for Dane county on change of venue from Price county; and
affirmed on appeal here. *State ex rel. Hermanson v. Calla-
han,* 179 Wis. 549, 191 N. W. 974 (decided February 6,
1923).

March 15, 1923, Bill No. 586 A was introduced in the
assembly with a title which remained unchanged at the time
of its final passage as follows:

"An act to repeal section 39.01, section 39.13, subsections
(1), (2) and (3) of section 39.14, subsection (2) of sec-

tion 40.01, subsection (2) of section 40.04 and paragraph (d) of subsection (1) of section 40.15, to renumber subsection (3) of section 40.01 to be subsection (2) of said section, to amend subsection (1) of section 40.01, subsections (1) and (2) of section 40.02 and subsection (1) of section 40.04, and to create subsections (1), (2) and (3) of section 39.14 and section 40.05 of the statutes, relating to the alteration, dissolution of school districts, appeals to the state·superintendent and the committee on common schools."

Substantial amendments were made, and as finally passed as ch. 329, Laws of 1923, it dealt among other things with the following subjects: Abolishing—

(1) Appeals to the state superintendent of public instruction (sec. 39.01) ;

(2) The county committee on common schools (sec. 39.13) ;

(3) The method of selecting supervising teachers (sec. 39.14).

Amending: Several provisions of the existing school law (subsections of secs. 40.01, 40.02, and 40.04).

Also by sec. 5 thereof adding a new section reading as follows: .

"40.05 (1) In all cases where subsequent to January 1, 1921, without a vote of the electors in the school district affected, any school district has been consolidated with or annexed to another district or districts, or any school district has been dissolved by having all of its territory attached to another school district or districts, or school district boundaries have been altered, the districts so consolidated, annexed, altered or dissolved are hereby restored to their former boundaries and legal status; provided, however, that any district hereby restored to its former boundaries and legal status, may remain in the district with which it was consolidated or to which it was attached, if a majority of the qualified electors in such district so consolidated or annexed vote in favor thereof at the regular annual school meeting following the taking effect of this section or at a

State ex rel. Joint School Dist. v. Nyberg, 183 Wis. 215.

special district school election held within sixty days after the taking effect of this section.

"(2) The assets and liabilities of any school district dissolved or from which territory is detached pursuant to subsection (1) of this section shall be apportioned and assigned to the proper districts in accordance with the provisions of section 66.03."

Said ch. 329 took effect upon passage and publication, was approved June 30th and published July 2, 1923.

Notwithstanding, and in apparent disregard of the order of consolidation of June, 1921, the individual defendants here claim to have been subsequently duly elected officers of what was School District No. 4 of the town of Prentice. July 2, 1923, electors of the petitioner directed the institution of proceedings to compel compliance with the consolidation order of June, 1921. Thereupon petition was made for a writ of *mandamus* to compel the defendants to surrender the property and effects held by them as belonging to School District No. 4. The defendants resisted, relying upon ch. 329, *supra.*

The court below directed defendants to comply with such demand, and from such order the defendants appealed.

*Charles F. Smith, Jr.,* of Rhinelander, for the appellants.

*W. K. Parkinson* of Phillips, for the respondent.

A brief was also filed by *Alfred H. Bushnell* of Madison, *Pickering & Rieser & Hughes* of Superior, and *J. W. Murphy* of Platteville, as *amici curiæ.*

ESCHWEILER, J. Sec. 18, art. IV, Const., provides:

"No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."

If ch. 329, and particularly sec. 5 thereof, quoted in full above, has the effect that is claimed for it and asserted by defendants of dissolving the consolidation effected, and upheld on appeal to this court, of June, 1921, because there

was no majority vote of the qualified electors in such consolidated district to the contrary, then such was clearly a local or private law and as passed violated the constitutional provision above quoted. This because such act or bill embraced more than one subject, and because the real subject matter of sec. 5 thereof was not expressed in the title. This. sec. 5, *supra,* affected school districts consolidated or annexed during the period intervening January 1, 1921, and July 2, 1923, and no others, and did so as clearly and definitely as though all such school districts had been specifically named in the statute. It was not directed at and would have no effect upon any consolidations or annexations prior to January; 1921, or subsequent to July 2, 1923. It therefore referred to and affected a definite, ascertainable, fixed, closed, and limited class or group of school districts, as much so as did the statute construed in *State ex rel. Johnson v. County Boards,* 167 Wis. 417, 167 N. W. 822.

Being so limited, the act, so far at least as here relied upon by defendants, was a private or local law. *State ex rel. Richter v. Chadbourne,* 162 Wis. 410, 414, 156 N. W. 610; *Milwaukee Co. v. Isenring,* 109 Wis. 9, 19, 85 N. W. 131.

The act embraced more than one principal or major subject, as a mere glance at the list of subjects as set forth above indicates; it cannot, therefore, be supported by the holding in *State ex rel. Ervin v. County Board,* 163 Wis. 577, 158 N. W. 338.

Its title also failed to disclose, under any reasonable interpretation to be given to it as it is quoted above, that the proposed new sec. 40.05 here involved was to upset the particular and limited class of school districts and those only such as are here involved. This special and limited group of school districts had been consolidated by action of the town boards as distinguished from action by vote of the electors, and in manner substantially the same as had been consolidations from the earliest statutes on the subject until this act.

(See sec. 59, ch. 15, R. S. 1849; sec. 62, ch. 23, R. S. 1858.) No one, we take it, could imagine from reading the title to this act that there was embodied in its text that which would leave untouched consolidations from 1849 to 1921 and pick out those between January, 1921, and July 3, 1923, to be dissolved, save for affirmative action by the electors within the very limited time of grace allowed. Especially so in view of the maxim still valid, "Laws which are retrospective are rare, and to be received with great caution, for Janus should have no situation among the laws." 25 Cyc. 180; *Lanz-Owen & Co. v. Garage E. Mfg. Co.* 151 Wis. 555, 560, 139 N. W. 393.

If the above quoted constitutional provision is to be of any effect it applies here.

The trial court was therefore clearly right in holding that ch. 329, Laws of 1923, so far as relied upon by defendants here, was unconstitutional, and we need not consider any other questions presented or that suggest themselves on other points.

*By the Court.*—Order affirmed.