WHITE CONSTRUCTION COMPANY, Respondent, vs. CITY OF BELOIT, Appellant.

*December 12, 1925—January 12, 1926.*

*Constitutional law: Classification of cities of third class: Basis: Validating prior contracts: Validity.*

1. In order to render valid a legislative classification of cities under sub. 9, sec. 31, and sec. 32, art. IV, Const., prohibiting the incorporation of any city, town, or village, or to amend the charter thereof, by a special or private law, the class must admit of additions to it.  p. 7.
2. The basis which justifies the classification is not whether there is one city or several cities in a class, but whether the class is so defined that other cities may grow into it.  p. 7.
3. Ch. 332 of the Laws of 1923, validating defectively let and executed improvement contracts of cities of the third class where they have been approved or accepted by the board of public works and actually performed, is invalid under sub. 9, sec. 31, and sec. 32, Const., as a special law applicable only to a class of cities irrevocably closed by facts existing when the act was passed.  p. 8.

APPEAL from an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

Action for damages caused by the delay of the city to give the use of its streets to plaintiff so it could economically carry out its paving contract with the city.  A former action was brought upon this contract (see 178 Wis. 335, 190 N. W. 195), wherein it was held that the action could not be maintained because the contract was not executed as required by secs. 925—45 and 925—93, Stats. 1919. The only difference in the situation now from that which obtained in the former action is that in 1923 the legislature passed ch. 332, seeking to cure the defects in the execution of the contract.  The act reads:

"A new subsection is added to section 62.15 of the statutes to read:  (62.15) (13) Any contract or agreement heretofore made or accepted in writing by or on behalf of any city of the third class, however incorporated, in re-

lation to public street or alley improvement, paving, or paving repair, in any such city, which contract or agreement was of a nature or character permitted to be made by such city if let and executed as provided by law or charter, and which contract or agreement was illegal because defectively let or executed, but shall have been, before performance thereof, approved or accepted by or on direction of the board of public works of such city, and performed by the actual doing of the work or furnishing of the material, and the work as so completed devoted to public use is hereby validated and declared legal as of the date of the enactment of this subsection with the same effect as though the requirements of law had been observed in such letting or execution.    Provided, however, that any such city shall have the right to assert any and all defenses in respect of the performance of the contract or agreement which may exist, excepting only the defenses of illegality validated by this subsection; and provided further, that if no bond shall have been filed or deposit made as required by subsections (2), (3) and (4) of section 62.15, no money shall be paid or judgment recovered on any such agreement or contract hereby validated, until the contractor shall have filed with, or tendered to such city, a bond with sufficient sureties in an amount equal to the amount or value of the work done, conditioned for proper performance of such agreement or contract, and such bond shall be available to such city with the same effect as though filed or given at the time of the making of such agreement or contract."

The trial court overruled defendant's demurrer to the complaint and it appealed.

For the appellant there was a brief by *R. A. Edgar,* city attorney, and *Olin & Butler* of Madison, of counsel, and oral argument by *Mr. B. H. Stebbins* of Madison and *Mr. Edgar.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville and *Olwell & Brady* of Milwaukee, and oral argument by *Otto A. Oestreich.*

VINJE, C. J.    The constitutionality of the curative act, ch. 332, Laws of 1923, is challenged by the defendant in

this case and by the defendant in the case of *White Const. Co. v. West Allis, post,* p. 8, 206 N. W. 909, on the ground that it violates the provisions of sub. 9, sec. 31, and of sec. 32 of art. IV of the constitution, prohibiting the incorporation of any city, town, or village, or the amendment of the charter thereof, by any special law.

This subject has been dealt with so fully by the court in the cases of *Boyd v. Milwaukee,* 92 Wis. 456, 66 N. W. 603; *Burnham v. Milwaukee,* 98 Wis. 128, 73 N. W. 1018; *Cawker v. Central B. P. Co.* 140 Wis. 25, 121 N. W. 888; and in *Neacy v. Drew,* 176 Wis. 348, 187 N. W. 218, that little need now be added. It is firmly established by those cases that in order to render a classification valid the class must admit of additions to it. If it does not, it violates the constitutional provisions referred to. The same rule has been applied to sec. 23, art. IV, of the constitution, requiring uniformity in town and county government (*State ex rel. La Valle v. Sauk Co.* 62 Wis. 376, 22 N. W. 572; *State ex rel. Merrimac v. Hazelwood,* 158 Wis. 405, 149 N. W. 141; *State ex rel. Johnson v. La Crosse and Trempealeau Counties,* 167 Wis. 417, 167 N. W. 822), and to sec. 18, art. IV, of the constitution (*State ex rel. Joint School Dist. v. Nyberg,* 183 Wis. 215, 197 N. W. 724).

It is sought to distinguish the cases at bar from the cases of *Cawker v. Central B. P. Co.* 140 Wis. 25, 121 N. W. 888; *Boyd v. Milwaukee,* 92 Wis. 456, 66 N. W. 603; and *Neacy v. Drew,* 176 Wis. 348, 187 N. W. 218, because in the latter cases there was only one city to which the act could apply, while here there are at least two, namely, *Beloit* and West Allis, and there may be more. The distinction is as to a fact quite immaterial. The basis which justifies a classification is not whether there is one city or there are several cities in a class, but whether the class is so defined that other cities may grow into it. Thus it has been repeatedly held that laws pertaining to cities of the first class, of which there is at present only one, namely, Milwaukee,

are valid. *Adams v. Beloit,* 105 Wis. 363, 81 N. W. 869; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954; *Wis. Cent. R. Co. v. Superior,* 152 Wis. 464, 140 N. W. 79; *State ex rel. Bloomer v. Canavan,* 155 Wis. 398, 145 N. W. 44; *Milwaukee v. Reiff,* 157 Wis. 226, 146 N. W. 1130; *State ex rel. Binner v. Buer,* 174 Wis. 120, 182 N. W. 855. But if the class be closed so that no cities in the future can grow into it, then it violates the constitutional provisions mentioned under the rulings in the cases first cited. It needs no analysis of the alleged curative act relied upon in this case to show that the cities there described constitute a class that is irrevocably closed by facts existing at the time the act was passed. It is immaterial whether there be two, three, or more cities so circumstanced as to come within its provisions. It is the closed condition of the class that renders the act invalid. If that be true as to an act which includes all the cities in a class, it is all the more true of an act that includes only a part of the cities of a class. The argument that the legislature can validate what it could do in the first instance is true, but it does not apply because the legislature in the first instance could not lawfully create a closed class.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer to the complaint.