QUIGGLE, Respondent, vs. HERMAN and others, Appellants.

*March 23—April 9, 1907.*

*Bills and notes: Rights of holder: Notice of infirmity: Pleading: Note given for stallion: Lack of words required by law: Invalidity: Statutes: Validity in part.*

1. In an action upon a note alleged to have been transferred to plaintiff for value before due, an answer alleging that the giving of the note was induced by certain false and fraudulent representations, by reason of which defendants were damaged in a certain sum, and that when plaintiff purchased the note he knew the fact that the representations were made and that they were false when made, is *held* sufficiently to charge that plaintiff had notice of the infirmity in the instrument when he purchased it and hence was not a holder in due course.

2. Ch. 438, Laws of 1903, though void so far as it relates to patents and patent rights, is valid so far as it relates to notes or other evidences of indebtedness given for stallions. *J. H. Clark Co. v. Rice,* 127 Wis. 451, limited.

3. One part of a statute may be unconstitutional and the remainder may still have effect, provided that the two parts are distinct and separable and not dependent upon each other.

4. A note given for a stallion, but not having on its face the words required by ch. 438, Laws of 1903, is void. [Whether, as to an innocent purchaser before due, the maker of such a note would be estopped to set up its illegality, not determined.]

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Higbee & Higbee,* and oral argument by *E. C. Higbee.*

*George H. Gordon,* for the respondent.

WINSLOW, J.    This is an action for a balance of $350 and interest alleged to be due upon a promissory note of $750 executed by the defendants November 27, 1903, to one Jones, and alleged to have been transferred to the plaintiff for value before due. The defendants by their answer alleged that the note was given in part payment of the purchase price of a

stallion, and that it did not bear upon its face the words, "The consideration for this note is the sale of a stallion or interest therein," as required by sec. 1675—1*a*, Stats. (Supp. 1906; Laws of 1903, ch. 438). The answer further alleged in substance that said Jones at the time of such sale doped and doctored said stallion so as to make him appear sound, and fraudulently represented him to be in all respects sound and a sure foal getter that would get over eighty per cent. of foals for mares served, upon which representations the defendants relied in buying said stallion and in executing said note, whereas said stallion was in fact windbroken and had the heaves and was not able to get more than forty per cent. of foals for mares served; that had the stallion been as represented he would have been worth $1,600, whereas he was not in fact worth more than $100, and the defendants thereby sustained damages in the sum of $1,500; that at the time said note was transferred to the plaintiff he knew that the same was executed in part payment for a stallion and that the note had not upon it the words required by said chapter. The answer further alleged upon information and belief that the plaintiff at the time of said transfer knew that the stallion was fraudulently represented to be sound when sold to the defendants, and knew that he was in fact not sound and of no value; wherefore the defendants demanded judgment setting off their damages against the amount due on the note and that the action be dismissed. Upon the trial the plaintiff objected to the reception of any evidence under the answer on the ground that it stated no defense, and the objection was sustained and judgment rendered for the plaintiff, from which the defendants appeal.

We are satisfied that the ruling of the trial court was erroneous for two reasons: First. The answer alleged that the purchase of the stallion and the giving of the note were induced by false and fraudulent representations of soundness, by reason of which the defendants were damaged in the sum of

$1,500, and that when the plaintiff purchased the note he knew of the fact that the representations were made and that they were false when made. These allegations sufficiently charge that the plaintiff had notice of the infirmity in the instrument when he purchased it, and hence was not a holder in due course, but took the note subject to the defense of which he thus had notice. Secs. 1676—22, 1676—26, 1676—27, Stats. (Supp. 1906; Laws of 1899, ch. 356). Second. The answer also alleged that the note was given as part of the purchase price of a stallion, and that the note did not bear upon its face the words required by ch. 438, Laws of 1903, and that the plaintiff knew both these facts when the note was transferred to him. Sec. 1 of said chapter (sec. 1675—1a, Stats.—Supp. 1906) provides that all notes or evidences of debt given for any lightning rod, patent, patent right, stallion, or interest therein, shall have written or printed thereon in red ink the words, "The consideration for this note is the sale of a lightning rod, patent, patent right, stallion, or interest therein," as the case may be. Sec. 2 (sec. 1675—1b) provides that any person who shall sell either of such named chattels, who shall take a note or other evidence of debt therefor which fails to state the consideration as provided in sec. 1, or in words of similar import, shall be liable to a penalty equal to the face of the note. Sec. 3 (sec. 1675—1c) provides that all notes and evidences of debt so taken, which express the consideration on their face as required by sec. 1, shall be non-negotiable, and be subject to all defenses in the hands of an innocent holder which they would have been subject to if not transferred.

It is first argued by the respondent that the act named is unconstitutional and has been so held by this court in the case of *J. H. Clark Co. v. Rice,* 127 Wis. 451, 108 N. W. 231. It is true that in that case this court considered the statute named, so far as it concerned notes given for patent rights, and held it void because it invaded the federal statute governing

the purchase and sale of patents, which is supreme on that subject. While it was said in that case that the "act is unconstitutional and void," this language must be construed with reference to the question there involved, namely, the question of its validity as far as it affects the sale of patent rights. No mention was made of those parts of the statute relating to the sale of lightning rods or stallions, because they were not involved; hence the decision cannot be considered as affecting the question of the validity of these last-named provisions. It is well understood that part of a statute may be unconstitutional and the remainder may still have effect, provided the two parts are distinct and separable and are not dependent upon each other. It is only where the void part of a statute was evidently designed as compensation for or an inducement to the otherwise valid portion, so that it must be presumed that the legislature would not have passed one portion without the other, that the whole statute must be held void. *State ex rel. Walsh v. Dousman,* 28 Wis. 541; *Gilbert-Arnold L. Co. v. Superior,* 91 Wis. 353, 64 N. W. 999. This cannot be said with regard to the law under consideration. The patent feature cannot be reasonably considered as in any way dependent upon the stallion feature, or as an inducement to its passage. This is demonstrated by the fact that the law stood for two years upon the books without the stallion feature. Ch. 268, Laws of 1901. The sales of lightning rods, patent rights, and stallions were evidently considered by the legislature as transactions presenting quite similar opportunities and inducements for overreaching by fraudulent methods, and so it was determined that they might well be controlled by the same restrictive provisions; but there is absolutely no indication either in the law itself or in the nature of things that the restriction upon the free sale of stallions or lightning rods was considered in any way dependent upon or compensated by the restriction upon the sale of patent rights. It is not claimed that such a restriction upon the freedom of sales of stallions

is unreasonable or unwarranted. The records of this court in recent years seem to show that such transactions present peculiarly seductive opportunities for misrepresentation and fraud, even surpassing those presented by the traditional horse trade. So we conclude that, so far as the stallion feature of the law in question is concerned, it is a proper exercise of the police power and valid.

But it is further claimed by respondent that even if the act be held valid its only effect upon notes is to render those which have the required words upon them nonnegotiable, and hence that notes given in violation of the law without the words upon them remain negotiable instruments as before. This contention is very clearly untenable. A note given for a stallion, which does not have the required words on its face, is a note given in direct violation of positive law. The giving or receiving of such a note is prohibited by law under a penalty. Hence a note so given is void, because the giving of it is an illegal act, just as a contract made upon Sunday is held void because it is the transaction of business upon Sunday in violation of law. Whether the maker of such a note which has passed into the hands of an innocent purchaser before due would be estopped from setting up the illegality of the transaction, as was held with regard to a note executed on Sunday but dated on a secular day (*Knox v. Clifford,* 38 Wis. 651), is not necessary to be considered, as the answer alleges that the plaintiff knew when he received the note that it was given in part payment for a stallion.

*By the Court.*—Judgment reversed, and action remanded for a new trial.

CASSODAY, C. J., took no part.