*In re* McGRAW'S ESTATE.

1. APPEAL AND ERROR — WILLS — JUDGMENT — QUESTION OPEN ON RETRIAL.

Where, in reversing a judgment in favor of testator's divorced wife, the Supreme Court held that implied presumption of the revocation of the will in her favor was justified under the facts and conditions existing at the time she procured the divorce, the only question open to proof on retrial was evidence of facts which would show a republication of the will.[1]

2. WILLS — EVIDENCE OF INTENTION TO ALLOW REVOKED WILL TO STAND INADMISSIBLE — REPUBLICATION NECESSARY.

Where a will in favor of testator's wife was revoked at the time a divorce was procured by her, testimony of the testator's intention thereafter to allow the will to remain unrevoked was incompetent and immaterial, since intention must find expression in some of the ways pointed out in the statute.[2]

3. SAME — JUDGMENT — RES ADJUDICATA — FINDING ON FORMER HEARING CONCLUSIVE.

The finding of presumption of revocation of the will by the Supreme Court, on the former hearing, is not rebuttable, but is conclusive.[3]

SHARPE, J., dissenting.

Error to Oakland; Gillespie (Glenn C.), J. Submitted April 10, 1925. (Docket No. 48.) Decided January 28, 1926.

Mary Heath McGraw presented for probate the last will of Howard A. McGraw, deceased. The will was allowed in the probate court, and William H. McGraw and another appealed to the circuit court. Judgment for proponent, contestants bring error. Reversed, and judgment ordered entered for contestants.

[1]Appeal and Error, 4 C. J. § 3265; [2]Wills, 40 Cyc. pp. 1213, 1213 (Anno); [3]Id., 40 Cyc. p. 1205.

Settlement of property rights between husband and wife on account of divorce as implied revocation of will of husband, see note in 20 L. R. A. (N. S.) 1073.

Divorce as affecting will previously executed by husband or wife, see notes in 25 A. L. R. 49; 37 A. L. R. 312.

*Dohany & Dohany* and *Edward Kemp,* for appellants.

*Frederic T. Harward, John J. Gafill,* and *Clinton A. McGee,* for appellee.

BIRD, C. J.    This proceeding involves the last will of Howard A. McGraw, deceased.    Mary H. McGraw, the divorced wife of deceased, is the proponent.    The brother and sister of the deceased are the contestants. The will was allowed in probate court and affirmed on appeal in the circuit court by a directed verdict.    This court reviewed the judgment and reversed it.    (228 Mich. 1.)    A retrial has been had and the will sustained by the verdict of a jury.    It is now here again for the consideration of this court.

Howard A. McGraw and the proponent were married in November, 1912.    They resided in Detroit or vicinity most of their married life.    In June, 1918, Howard executed the will in question, making proponent the sole beneficiary after the payment of debts. In 1918 Howard enlisted in the United States service and went overseas leaving proponent in the home of his mother.    After Howard left proponent became a chorus girl, and while following this vocation on the stage she applied for a divorce in the courts at Providence, Rhode Island, and a decree of absolute divorce was granted her on March 30, 1921.    Substituted service was made upon Howard in Detroit, but he interposed no defense.

Contestants' counsel requested a directed verdict at the close of the proofs, on the ground that the material evidence did not differ from the record in the first review.    This was denied, and is complained of as error.    In the former opinion this court held that the circumstances and conditions existing at the time of the divorce justified the implied presumption of revocation.    In view of this conclusion the only question

which was open to proof when it reached the trial court again was evidence of facts which would show a republication of the will.    Instead of confining the proofs to this question both parties were permitted to place before a jury a flood of evidence bearing directly and indirectly on the intention of Howard A. McGraw, whether he intended to allow his will to remain unrevoked.    This testimony was incompetent and immaterial.    If the will were revoked at the time of divorce, as we held, it was immaterial what the unexecuted intentions of Howard were afterward.    One may not dispose of his property by mere intentions, unless they find expression in some of the ways pointed out by the statute.

Attempt was made upon the hearing in this court to reargue the question whether the circumstances and conditions supported the presumption of revocation, and it was asserted that the presumption which we found was based on the fact of divorce *alone*.    A casual reading of the former opinion will disclose that we expressly stated we *would not pass* on the question whether divorce *alone* would support the presumption because it was unnecessary in this case, and stated the reasons why.    We said:

"There has been some discussion by the courts elsewhere whether *Lansing* v. *Haynes* did not hold that revocation of wills might be implied from divorce alone.    And the question is discussed in the present case.    It is quite evident that in the two Michigan cases there is no such holding, because the element of settlement was present in both cases.    *What the views of this court might be on the bare question of divorce unattended by proof of any material conditions or circumstances is a question unnecessary at this time to decide.*    *    *    *

"With both dower and alimony waived, the property matters of these parties were as effectually settled as though they had made a voluntary settlement between themselves pending the divorce proceedings.    This being true, the case comes squarely within the two

Michigan cases referred to." *In re McGraw's Estate,* 228 Mich. 1.

In our opinion on the former review we found that the circumstances and conditions, namely, the barring of dower and the waiver of alimony, plus the divorce, raised an implied presumption of revocation. It is also said "in the case at bar no presumption of law arises from the mere fact of divorce. It was so held in the former opinion." This is an error. A careful reading of the original opinion will show that no such statement was made.

The presumption which the court found in the first opinion was not rebuttable, but was conclusive. This finding established the law of the case and will not again be considered or reviewed.

Nothing was said, however, in the opinion whether the presumption of revocation was rebuttable. There appeared to be no necessity for it, as the briefs of both counsel indicated they understood the presumption was not rebuttable, and both counsel observed the rule in urging their respective claims. Proponent's counsel, in their brief on that hearing, said:

"Under the decisions, unfortunately, any evidence of testator's feelings toward proponent after the divorce, as evidenced by his words and actions, was barred, so the record is silent upon this. Revocation in these cases is entirely a question of law. The rule is fixed and we abide by it."

The question as to whether this presumption was rebuttable is so clearly settled in *Wirth* v. *Wirth,* 149 Mich. 688, that no one who reads it need be deceived. In that case the same class of testimony bearing on the intention of the testator was offered as was received in this case, but it was rejected, and this court approved it, saying:

"These facts having appeared on the trial, the proponent offered in rebuttal to show the relationship of

the parties all through their married life and up to the time of testator's death as bearing upon his intention to revoke the will; that after the divorce the testator seemed to retain his affection and respect for proponent, and to realize that he alone was to blame for the separation; that he visited her and wrote her letters; and his declaration both to her and to others in relation to the balance of the property, and a declaration that he desired to have the will in question remain in the probate office and take effect after his death.

"This offer of testimony presents the question whether the change in the relations of the parties to the settlement of their property affairs raises a rebuttable presumption of revocation, or whether such divorce and settlement operates *ipso facto* to revoke the will. We think the circuit judge correctly held that the divorce and settlement revoked the will, and that the revocation was made and completed when the decree was signed, and that no subsequent act of the testator not accompanied by the solemnities requisite for the making of a valid will could revive the instrument in question and make it a valid will."

*Lansing* v. *Haynes,* 95 Mich. 16 (35 Am. St. Rep. 545), in considering the same question, said:

"The question is not to be controlled by a possible presumption, but by the reasonable presumption. The possibility, therefore, that deceased might have desired that the remainder of his property should go to his divorced wife cannot be considered in determining the question of an implied revocation in this case."

This rule obtains and is applied wherever statutes like ours are in force. In a recent case in the Nebraska court, where a like statute is in force, it was said:

"Circumstances occurring after the revocation is presumed to have taken place cannot be resorted to as an aid to determine whether there has been, in fact, a revocation. Declarations made by the testator after the divorce and settlement cannot, by reverting back, modify the effect of a state of facts which was at the time sufficient. To allow that to be done would

indeed make unstable, if not utterly destroy, the rule itself. Where the acts, therefore, of the testator, subsequent to the occurrence of facts which work an implied revocation, are not sufficient, under our laws, to accomplish a republication of the will, we believe that the revocation must be held to stand." *Martin* v. *Martin,* 109 Neb. 294 (190 N. W. 872).

To the same effect, see *Battis* v. *Montava,* 143 Wis. 234 (126 N. W. 9, 139 Am. St. Rep. 1101) ; *Donaldson* v. *Hall,* 106 Minn. 502 (119 N. W. 219, 20 L. R. A. [N. S.] 1073, 16 Ann. Cas. 541, 130 Am. St. Rep. 621), and cases cited.

The judgment is reversed and one will be entered in the trial court disallowing the provisions in the will in favor of proponent. Contestants will recover their costs in both courts.

STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred with BIRD, C. J.

SHARPE, J. (*dissenting*). This court did not hold in the former opinion in this case (228 Mich. 1) that an implied revocation might be presumed from the mere fact of divorce. After referring to the holdings in *Lansing* v. *Haynes,* 95 Mich. 16 (35 Am. St. Rep. 545), and *Wirth* v. *Wirth,* 149 Mich. 687, it was said:

"It is quite evident that in the two Michigan cases there is no such holding, because the element of settlement was present in both cases."

The conclusion on which the action of the court was based was thus stated:

"I am of the opinion that the conditions and circumstances attending the decree of divorce are sufficient upon which to presume an implied revocation of his will."

Under the rule of *stare decisis,* so uniformly followed in this State, the law as thus stated is binding on the

court in disposing of the case before us.    It must be borne in mind that no proof was submitted on the former trial except the testimony offered to prove the due execution of the will and the divorce proceedings in the Rhode Island court.    On the record thus made, this court held as above stated.    There was no ruling made as to the right of either party to submit other proof tending to support or negative the presumption of implied revocation.

The "conditions and circumstances," to which reference was then and is now made, are that by the divorce, without a property settlement, the testator was relieved of all legal and moral duty to support and maintain proponent, and that there were no infant children born as a result of the marriage.

If this court had intended to hold, as Mr. Justice BIRD now does, that the divorce, attended by these circumstances, was sufficient in law to raise a presumption of revocation which could not be rebutted, it would have said so and no new trial would have been granted.    It was clearly intimated to court and counsel that other circumstances might be shown which would affect this presumption.    Would not the contestants have had the right to prove, if it were the fact, that proponent had the will in her possession at the time the divorce was granted and thereafter retained it?    If so, might not proponent prove, as she did, that the will was then, and at all times thereafter, in the possession of the testator and kept by him with such other papers as clearly indicated that he had not overlooked its existence?    He had every opportunity to destroy it or attach a codicil thereto.    He did neither.

While as a matter of law the testator was relieved by the divorce decree of the legal duty which theretofore had rested on him to support and maintain her, may it not be shown that he had not theretofore per-

formed such duty for the reason that he was unable to do so; that he appreciated the fact that his wife might be better able to secure employment if unmarried, and that he was willing that the provision he had made for her in the will, expectant upon his receiving a share of his father's estate, should stand and to that extent act as recompense to her for his failure in that respect?

The presumption of revocation is founded upon the inference that, had the testator made a will after the divorce, his former wife would not have been provided for as she was in the will he had theretofore made. In law he had the right to dispose of his property as he pleased.    He had no children.    If he believed that he was alone to blame for the separation that caused the divorce, and still retained his affection for his former wife, he was at liberty to permit the provision he had made for her in the will to stand.    Instances of continued affection and desire to bestow property upon a party from whom one has been divorced are not infrequent.    A deed executed under such circumstances was sustained in *Stevens* v. *DeBar*, 229 Mich. 251.

The conditions and circumstances recognized by the courts to create the exception in the statute at the time it was enacted were, alteration in the estate devised, marriage of the testator if a woman, and birth of children to the testator.    To these this court added divorce accompanied by a property settlement in the cases above cited.    If we are now to extend the exception, as was held in the former opinion, it would seem that we should extend the rule as to the proof which might be considered to determine the mental attitude of the testator at the time the decree was granted, this being the time at which the intent to revoke is implied.

In a suit to establish a lost will, a presumption of

revocation arises from the fact that the will cannot be found.    It will be presumed that it was destroyed. But this presumption may be rebutted, not only by the circumstances and conditions showing where it was kept and who had access to it, either before or after the death of the testator, but by proof of the acts, declarations and conduct of the testator indicating that the will made by him had not been destroyed or otherwise revoked.    This court has many times so held. *In re Keene's Estate*, 189 Mich. 97 (Ann. Cas. 1918E, 367), where the earlier cases are cited; *In re Walsh's Estate*, 196 Mich. 42 (Ann. Cas. 1918E, 217) ; *In re Bradley's Estate*, 215 Mich. 72.    It clearly appears from what is said in all these cases that the purpose of receiving testimony as to the declarations of the testator is to determine his state of mind, his mental attitude at the time the will was made, and the continuance of that attitude until his death.

In the case at bar, no presumption of law arises from the mere fact of divorce.    It was so held in the former opinion.    The burden is then cast on the contestants to submit proof from which a revocation will be implied by law.    The reasoning which will admit proof of the intent of the testator to revoke his will or let it stand is much stronger in this case than in the case of a lost will, as in the latter the law implies a presumption that it has been revoked by its destruction.

In my opinion, no question of waiver is presented. The wife could not have secured a provision for alimony in the decree which would have been enforceable in this State, because there had been no personal service on the defendant.    *Fisher* v. *Fisher*, 224 Mich. 147.    Contestants' counsel so concede.    The proponent is not here seeking to recover alimony.    As was said in *Re Brown's Estate*, 139 Iowa, 219 (117 N. W. 260) :

"The wife's rights thereunder after the testator's

death rest not upon coverture, but are conferred by a will which has not been revoked."

The lack of authority bearing on this precise question, and I can find none, is due to the fact that the law seems well settled in other jurisdictions that a revocation will not be implied from the granting of a decree of divorce unless a property settlement has been theretofore made. Our former holding "that the conditions and circumstances attending the decree of divorce" may be considered and be "sufficient upon which to presume an implied revocation" is an innovation. It is the law of this case, however. Such proof can be considered relevant only because it tends to disclose the intent of the testator. If the law will imply a presumption of such intent from such conditions and circumstances, proof tending to rebut such a presumption is, in my opinion, admissible.

The judgment should be affirmed, with costs to appellee.

Justice Moore took no part in this decision.