PRAHL, Respondent, vs. HOGENSEN, Appellant.

*April 9—June 21, 1926.*

*Appeal: Questions not considered: Reversal for perversity as to damages: New trial free from any inferences of this court as to negligence.*

This court reversed a judgment in a personal injury action because of the perversity of the verdict as to damages, but it did not, as it should have done, determine whether either the plaintiff or defendant was negligent as a matter of law. On appeal from a judgment in plaintiff's favor after a retrial, where the trial court interpreted the opinion as *sub silentio* at least determining that the questions as to the negligence of the respective parties were for the jury, it is *held* that there should be a new trial freed from any inferences drawn from the opinion of this court, as the negligence questions were not considered on the first appeal.

APPEAL from a judgment of the circuit court for Racine county: WALTER SCHINZ, Judge. *Reversed.*

Action to recover for personal injuries sustained in a collision between defendant's car and a car in which plaintiff was a passenger. Ten jurors found negligence on the part of the defendant that proximately caused plaintiff's injuries. The jury exonerated plaintiff from contributory negligence and assessed his damages at $2,050. From a judgment entered accordingly the defendant appealed.

For the appellant there were briefs by *Hannan, Johnson & Goldschmidt* of Milwaukee and *Waller & Ruzicka* of Burlington, attorneys, and *Whaley, Erikson & Paulsen* of Racine, of counsel, and oral argument by *Vilas H. Whaley* and *Martin R. Paulsen.*

For the respondent there was a brief by *Shockley & Dougherty,* attorneys, and *Robert B. Ells,* of counsel, all of Milwaukee, and oral argument by *Mr. Dale C. Shockley, Mr. Glenn R. Dougherty,* and *Mr. Ells.*

VINJE, C. J. This case was here on a former appeal, 185 Wis. 37, 200 N. W. 660, and it was held that the

verdict rendered as to damages was perverse because of their inadequacy, and the case was reversed and sent back for a new trial. In disposing of the case on the second trial, Judge Schinz, in suggesting a doubt as to plaintiff's freedom from contributory negligence, says:

"However, upon the appeal of this case to the supreme court from the judgment rendered upon the jury's verdict in the first trial, the supreme court sent the case back for trial, and I am inclined to the view that in so doing the supreme court *sub silentio* at least determined that the question of negligence on the part of both parties was one for the jury. I have treated the opinion and decision on the former appeal as the law of the case."

The trial judge was correct in his interpretation of the opinion of this court, though it was not the intention of this court to declare more than that the verdict was perverse as to damages and that one or both of the drivers must have been negligent. This court should have gone further upon the first appeal and determined whether either driver was negligent as a matter of law, a question that now confronts us in *Rubach v. Prahl, post,* p. 421, 209 N. W. 670. But its attention was limited to the perversity of the verdict as to damages, and the question of the negligence of either driver as a matter of law was not considered.

In view of the trial judge's doubt as to plaintiff's freedom from contributory negligence, and of our own doubt as to any negligence shown on the part of the defendant, we feel that justice requires a reversal of the judgment and a new trial in order that both parties may have a trial freed from any inferences drawn from this court's first opinion that the negligence of both drivers, or of any of the parties, was necessarily a question for the jury. Since a new trial must be had, we purposely forbear to detail our doubts as to defendant's negligence in order that both parties may argue the question to the jury freed from expressions of

this court as to the probative value of the facts shown by the evidence.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.