RUBACH, Appellant, vs. PRAHL and another, Respondents.

*April 9—June 21, 1926.*

*Automobiles: Collisions at highway intersections: Physical results of collision: Negligence.*

In an action to recover for injuries sustained in a collision between automobiles at a highway intersection, the uncontradicted physical results of the collision are considered so strong and convincing as to control the case; and the defendants are *held* guilty of negligence as a matter of law.

APPEAL from a judgment of the circuit court for Milwaukee county: C. M. DAVISON, Judge. *Reversed, with directions.*

Action to recover damages for personal injuries sustained in a collision between defendant's car and a car driven by one Hogensen in which plaintiff was a passenger. The action grows out of the same accident involved in *Prahl v. Hogensen,* 185 Wis. 37, 200 N. W. 660, and in the same case decided herewith, *ante,* p. 419, 209 N. W. 699. The jury found: (1) That the Stanley steamer of the defendant was being driven at a rate of eighteen miles an hour at the time of the collision; (2) that the Maxwell car of Hogensen was being driven at a rate of twenty-five miles an hour at the time of the collision; (3) that *Royal Prahl,* the driver of the steamer car, did not fail to exercise ordinary care: (a) in respect to speed; (b) in respect to lookout; (c) in respect to right of way; (4) that Olaf Hogensen did not fail to exercise ordinary care: (a) in respect to speed; (b) in respect to the right of way; (5) that

Olaf Hogensen failed to keep a proper lookout and such failure was a proximate cause of the collision; (6) that no want of ordinary care on the part of the plaintiff proximately contributed to produce his injuries; (7) that the plaintiff and Olaf Hogensen were not engaged in a joint enterprise at the time and place of the collision; (8) that there was no relationship of agency existing between plaintiff and Olaf Hogensen at the time and place of collision; (9) that plaintiff sustained damages in the sum of $2,000. Upon this special verdict the court entered a judgment in favor of the defendants, and the plaintiff appealed.

For the appellant there was a brief by *Hannan, Johnson & Goldschmidt* of Milwaukee and *Waller & Ruzicka* of Burlington, attorneys, and *Whaley, Erikson & Paulsen* of Racine, of counsel, and oral argument by *Vilas H. Whaley* and *Martin R. Paulsen.*

For the respondents there was a brief by *Shockley & Dougherty,* attorneys, and *Robert B. Ells,* of counsel, all of Milwaukee, and oral argument by *Mr. Dale C. Shockley, Mr. Glenn R. Dougherty,* and *Mr. Ells.*

VINJE, C. J.    There are certain physical facts in this case we think decide the question of defendants' negligence. They are these: Hogensen was driving east on the Ryan road in a Maxwell car weighing about 2,200 pounds. The defendants were driving south on the Kilbourn road in a Stanley steamer car weighing about 3,800 pounds. The collision took place a little south and east of the intersection of the center lines of the two roads. The left front of the Maxwell car was struck by the Stanley car. The impact was great, for both cars were badly damaged and the Maxwell nearly a complete wreck. The Maxwell car was deflected from its easterly course and stopped about seventy-four feet south and a little east of the point of impact; while the Stanley car came to a standstill about twenty-five feet

south of the place of the collision, facing north. This result, as stated in *Prahl v. Hogensen,* spells negligence on the part of some one. After the moment of collision it is evident from the serious injuries to the occupants that the cars were subject only to the physical forces operating upon them, and were not controlled by the drivers. The Maxwell car was sent over seventy feet at right angles to its course, while the Stanley continued twenty-five feet along its southerly course after striking the Maxwell car. That, as well as the result to the Maxwell car, shows a terrific blow struck it by the Stanley car; a blow produced only by great speed even though the greater weight of the Stanley car be taken into consideration. So we reach the conclusion, in spite of the jury's finding, that the defendants were guilty of an excessive rate of speed that proximately caused the collision. This conclusion is strengthened by, though not based upon, the testimony of two disinterested witnesses. One Rasmussen, driving north on the Kilbourn road, first saw the defendants about 900 feet north of the place of collision, and at the same time he saw Hogensen's car about 400 feet west of the intersection of the roads. He testified that the defendants drove at a high rate of speed, about forty-five miles per hour, and that he observed both cars from where he first saw them till they collided. The testimony is to the effect that the Maxwell car was traveling about twenty miles per hour. If his estimate of distance is at all correct, the Stanley car was traveling at about twice the rate of the Maxwell. The result of the collision corroborates this. One Hugo Franke testified that about a quarter of a mile north of the collision the defendants were driving from thirty-five to forty miles per hour. The testimony of these eye-witnesses corroborated the conclusion drawn by us from the physical facts resulting from the impact.

The negligence of the defendants is further shown by the

fact that their car ran into the Hogensen car, in which plaintiff rode, at an intersection where the Hogensen car had the right of way. It reached the intersection at least at the same time, if not earlier, than the defendants did, and it was their duty under the law to yield the right of way. Instead of that they kept right on—presumably because they could not stop on account of their speed. Rasmussen testified that the Stanley car swerved slightly to the east just before the moment of impact.

We do not comment upon the testimony of the parties and other witnesses because it is so in conflict that it raises a jury question. We deem the uncontradicted physical results of the collision so strong and convincing that they must be held to control the case, and upon such facts we do not hesitate to hold that the defendants were negligent as a matter of law.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff for the damages found by the jury, with interest and costs.