McGovern, Trustee, Respondent, vs. Eckhart, imp., Appellant.

*March 7—June 18, 1928.*

For the appellant there were briefs by *C. J. Smith,* attorney, and *J. Henry Bennett,* of counsel, both of Viroqua, and oral argument by *Mr. Smith.*

For the respondent there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Daniel H. Grady.*

The following opinion was filed April 3, 1928:

CROWNHART, J. This case was here on a former appeal from an order overruling a demurrer to the complaint, seeking to recover the penalty provided in sec. 116.04, Stats. *McGovern v. Eckhart,* 192 Wis. 558, 213 N. W. 332.

In that case the construction of the statutes, secs. 116.03 and 116.04, was involved, and this court, following the decision in *Quiggle v. Herman,* 131 Wis. 379, 111 N. W. 479, held that the giver and taker of the note were *in pari delicto,* and for that reason, if for no other, plaintiff could not recover the penalty. That decision is the law of this case, so far as the status of the parties is concerned under secs. 116.03 and 116.04, Stats. *Roberts v. Gerber,* 194 Wis. 509, 217 N. W. 691; *Borosich v. Metropolitan Life Ins. Co.* 194 Wis. 289, 215 N. W. 575.

In the present case the complaint was amended, but the parties are the same, the same facts are involved, and the relief sought depends upon a contrary construction of the statute than was given in the former case. The trustee has no

greater right than the defendant Kraus had. If Kraus, in giving the note, was in equal wrong under the statute with Eckhart in taking the note, then Kraus clearly cannot recover on the facts stated in the third cause of action. We express no opinion as to the right of the trustee to a common-law right of action for damages by reason of a fraud perpetrated on Kraus by Eckhart, if any.

If the *Quiggle Case, supra,* were before this court as an original proposition, we should not hold the parties to the transaction as to the execution and delivery of the note *in pari delicto.* The court was clearly in error, probably for the reason that it overlooked the fact that the penalty provided was in sec. 116.04 instead of being in sec. 116.03, and applied only to the taker of the note.

On the former appeal the complaint, in its third cause of action, sought to recover the penalty provided in the statute for its violation.

In the *Quiggle Case, supra,* the court held the note given in violation of the statute was void, but queried whether the maker might not be estopped from setting up that fact when the note had passed into the hands of an innocent purchaser. However, in *Arnd v. Sjoblom,* 131 Wis. 642, 111 N. W. 666, it was held that such a note, under the negotiable instrument statutes, in the hands of a purchaser in due course was valid as to him.

*By the Court.*—The order of the circuit court is reversed.

A motion for a rehearing was denied, with $25 costs, on June 18, 1928.