Hickcox, Respondent, vs. Schmidt, Trustee in bankruptcy, Appellant.

*April 4—April 30, 1929.*

For the appellant there was a brief by *Reginald I. Kenney,* attorney, and *Bloodgood, Kemper & Bloodgood,* of counsel, all of Milwaukee, and oral argument by *Mr. Kenney* and *Mr. Albert K. Stebbins* of Milwaukee.

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Howard A. Hartman,* of counsel, all of Milwaukee, and oral argument by *Mr. Hartman.*

ROSENBERRY, C. J.   The question involved here is whether or not the trial court was guilty of an abuse of discretion in denying the trustee's motion to set aside the judgment and permit the trustee to defend.   The motion of the trustee and the order appealed from were made more than sixty days after the judgment was perfected.   If the trustee is entitled to any relief it must be granted under the provisions of sec. 269.46, Stats., for "mistake, inadvertence, surprise or excusable neglect."   It appears quite clearly that the difficulty of the defendant in this case arose mainly from the fact that it did not pay its counsel; that its president and managing officer was of the opinion that out of the assets of the company he had the right to pay as preferred claims certain sums due him and other officers as salaries, which payments were made, leaving a balance on hand of $656.17; that he was subsequently advised by counsel afterward retained that he had no right to prefer the officers of the company and that the sum so paid would have to be returned to the company for the benefit of all the creditors, and not until then did the defendant seek to avoid the judgment entered by the plaintiff, after hearing had in open court.

It is apparent from the affidavits that, in addition to the sum owing to the plaintiff, the defendant company owed other creditors approximately $100,000, and the plaintiff would therefore, if its claim were allowed, be entitled to substantially one third of the assets of the company when distributed in the bankruptcy court.   Manifestly, the trustee

who represents the creditors of the defendant company occupies a different position in this litigation than the company itself. He represents and has all the rights of a creditor armed with process. *Sparks v. Kuss,* 195 Wis. 378, 216 N. W. 929, 218 N. W. 208. If the allegations contained in the verified answer served and filed in this case are true, a great injustice will be done if the trustee is not permitted to defend. The application to open the judgment was made promptly. While no verified answer accompanied the motion papers, there had been served and was on file in the case a verified answer setting up a good defense. Within the rule laid down in *Whereatt v. Ellis,* 70 Wis. 207, 35 N. W. 314, it is considered that under the circumstances of this case the court was guilty of an abuse of discretion in denying the motion of the trustee to open up the judgment. It should not be inferred that by this holding a rule is established that a trustee has under all circumstances a right to open up a default suffered by a bankrupt.

Under the facts in this case it is quite apparent that the defense of the action was abandoned for the reason that the officers of the defendant company considered that they had disposed of the entire assets of the company to their satisfaction and considerably to their own advantage. Their conduct thereafter in abandoning the defense of the case amounted under the circumstances now disclosed substantially to a preference, if the allegations of the answer are true. In the interest of justice and for the protection of the rights of other creditors in the assets of the bankrupt company, the trustee should be permitted a day in court in order that the rights of the parties to the action may be determined. The application was made seasonably and promptly. The plaintiff has been placed at no disadvantage and he is compelled to sacrifice no rights by a proceeding which requires him to sustain his claim.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings.