Wisconsin Employment Relations Board, Respondent, vs. Allis-Chalmers Workers' Union, Local 248, U. A. W. A., C. I. O., and others, Appellants.*

*November 20—December 23, 1947.*

\* Motion for rehearing denied, with $25 costs, on February 17, 1948.

44

*A. W. Richter, Daniel Sobel,* and *Max Raskin,* all of Milwaukee, for the appellants.

For the respondent there was a brief by the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

ROSENBERRY, C. J.    Upon the former hearing the court had under consideration a demurrer to the petition.    The proceeding was brought pursuant to the provisions of sec. 111.07, Stats. 1945 (Wisconsin Employment Peace Act).    The petition was for an order to show cause why the defendants should not be punished as and for civil contempt for failing to obey and in disobeying a judgment of the circuit court for Milwaukee county entered September 9, 1946.    The demurrer was upon two grounds: (1) That the petitioner had no legal capacity to sue; and (2) that the petition did not state facts sufficient to constitute a cause of action.    The court held, first, that the Wisconsin Employment Relations Board had power to invoke the remedy of contempt by judicial action.    Second, whether

the proceeding was one for civil or criminal contempt, the court held that the action was one for civil contempt.

Upon return of the record to the trial court the matter was set down for trial, testimony was offered and the court made and filed its findings of fact. In its findings the court set out the particular acts which it found constituted a violation of the court's order.

Counsel for appellants first reargue the question whether the proceeding is one for criminal or civil contempt. That matter was fully argued, considered, and adjudged upon in the first appeal. It is considered that that holding governs upon this appeal. We find nothing which brings the matter within the exception noted in *McGovern v. Eckhart,* 200 Wis. 64, 227 N. W. 300. The decision on the former appeal is the law of the case.

The second contention is that the court found certain of the appellants guilty of crimes; that therefore this proceeding is changed from civil to criminal contempt. As an illustration, the court found one appellant "during the hearing admitted that he kicked an employee who was attempting to enter the plant and claimed self-defense, this court finds that the legal element of self-defense was not applicable, and that the [appellant] was the aggressor." In no instance does the court find that any of the appellants was guilty of a crime. It set out the facts which constituted a violation of the court's order by the several appellants. If these had been properly set up in a complaint for a criminal warrant, the complaint would have been sufficient to support a warrant, but that does not make the court's finding equivalent to a finding that the person charged was guilty of a crime. Certain acts may at the same time constitute a crime and create a civil liability.

The court made findings with respect to the conduct of each individual appellant and also with respect to the union and its officers. Upon the basis of its findings made the court concluded:

"(1) The above-named respondents [appellants] and each of them disobeyed and failed to obey the judgment of this court entered in this proceeding September 9, 1946, in the following respects:

"(a) By engaging in, promoting and inducing picketing at and near the offices and plants of the Allis-Chalmers Manufacturing Company in the city of West Allis, Wisconsin, in such a manner and by such method as to hinder and prevent persons on foot and in conveyances from freely entering and leaving such premises.

"(b) Hindering and preventing by mass picketing, force, and coercion the pursuit of lawful work and employment on the premises of the Allis-Chalmers Manufacturing Company in the city of West Allis, Wisconsin.

"(c) Obstructing and interfering with ingress to and egress from the premises of the Allis-Chalmers Manufacturing Company at West Allis, Wisconsin.

"(2) That said acts and conduct referred to in said findings were calculated to and actually did defeat, impede and prejudice the rights and remedies of the Wisconsin Employment Relations Board, a party in said action, which is charged by statute with the duty to prevent unfair practices."

The court pronounced judgment in which was specified the amount of fines or the terms of imprisonment upon the union and each of the several appellants concerned.

For instance, paragraph 3 is as follows:

"That as punishment for their contempt the said Charles Fisher, Morris Kipnis, John Krier and Virgil Steele each be punished by a fine in the sum of $100.

"That as punishment for their contempt Robert Buse, Joseph Dombek and Fred McStroul each be imprisoned in the house of correction of Milwaukee county for the term of sixty days or until they be thence discharged according to law."

The remaining appellants were sentenced to be imprisoned in the house of correction of Milwaukee county for the term of thirty days or until they be thence discharged according to law.

Sec. 295.13, Stats., chapter on contempt in civil actions, provides:

"If, upon the hearing of an order to show cause or in such proceedings in case of an attachment, the court shall adjudge the defendant to have been guilty of the misconduct alleged and that the misconduct was calculated to or actually did defeat, impede or prejudice the rights or remedies of any party in an action or proceeding pending in such court, it shall proceed to impose a fine or to imprison him, or both, as the nature of the case shall require. . . ."

Sec. 295.15, Stats., provides:

"When the misconduct proved consists of an omission to perform some act or duty which is yet in the power of the defendant to perform he shall be imprisoned only until he shall have performed such act or duty and pay such fine as shall be imposed and the costs and expenses of the proceedings. In such case the order and warrant of commitment shall specify the act or duty to be performed and the amount of the fine and expenses to be paid."

It is plain that sec. 295.15, Stats., does not apply.

On the days charged in the petition the appellants committed the acts found by the trial court to be a violation of the court's judgment. The appellants cannot purge themselves of contempt committed prior to the commencement of this proceeding. Sec. 295.15, Stats., applies in a case where the order of the court requires the respondent to perform some act which it is then within his power to perform and he remains in confinement until he performs it. A common illustration is the refusal of a party to an action to sign a deed or do some other affirmative act which it is within his power to do. As was pointed out when the controversy was here before (249 Wis. p. 596), that under the provisions of the Employment Peace Act, the Wisconsin Employment Relations Board acts in a representative capacity, representing three distinct interests, the employer, the employee, and the general public. The court said:

"When its jurisdiction is aroused, the statute vests the Wisconsin Labor Relations Board with authority to seek enforce-

ment of its orders by actions in the circuit court. The purpose is to enable it to administer the act efficiently in the interests named in the preamble. There is a necessary implication from the express grant of power to seek enforcement through the courts that the board may seek and obtain effective court action."

The court acts in its normal judicial capacity but the action is still representative in character.

No bill of exceptions was settled in this case and the matter is here upon the pleadings, findings, and judgment of the court. It is considered that the court acted within its jurisdiction and the power conferred upon it by the Wisconsin Employment Peace Act and the judgment must be affirmed.

It is urged on behalf of the appellants that sec. 103.60 (3) and (4), Stats. 1939, relating to injunctions in labor disputes, make the provisions of that act applicable to this case. In *Wisconsin E. R. Board v. Milk, etc., Union,* 238 Wis. 379, 404, 299 N. W. 31, this contention was given careful consideration and ruled adversely to the appellants. We find nothing in the arguments presented in this case which requires us to reverse, amend, or modify our former holding. The labor dispute between the parties to this action ended when the Wisconsin Employment Relations Board made its final determination. This is a proceeding in an enforcement action to enforce compliance with the judgment of the court and not a labor dispute. When the determination of the Wisconsin Employment Relations Board is reviewed and affirmed by the circuit court there certainly can be no further controversy that can in any respect be called a labor dispute. Appellants seem to overlook the fact that they have disobeyed and flouted the judgment of a court having jurisdiction of the subject matter of the action. In this connection appellants might well consider *United States v. United Mine Workers,* 330 U. S. 258, 67 Sup. Ct. 677, 91 L. Ed. 884, which was cited to us on another point. The court in that case, as stated in the syllabi, said:

"The fact that a court's jurisdiction to grant ancillary injunctive relief sought is open to question does not affect its power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction. . . . An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings, even though the statute under which the order is issued is unconstitutional.". (91 L. Ed. 884.)

In their brief the attorneys for the appellants made the following special plea:

"If what the judgment in this case does is legal then it is bad law. Its result will surely be to cause workingmen, in spite of the hazard, to avail themselves more readily of the only economic weapon which they possess against their employers, the strike. That we should prevent. If workingmen in the course of strikes violate criminal laws they should be prosecuted as other Americans are and if they are guilty, they should be punished as others are, but they should not be singled out and punished by the pronouncement of one man and without the normal processes of law."

It is considered that this statement is improper and wholly unwarranted. It is difficult to say whether it is a threat or an argument. Apparently the author thinks that workingmen who strike are removed from the category of those who are subject to the civil as well as criminal laws. To say that they are punished by the pronouncement of one man is to misstate the plain letter of the law. A separate tribunal, the Wisconsin Employment Relations Board, is set up to enable labor disputes to be settled and disposed of without recourse to the courts. Therefore no one but a workingman or an employer comes within the jurisdiction of the Wisconsin Employment Relations Board. That board is composed of three men instead of one man. When it has rendered a decision in a labor dispute either of the parties may then have the matter reviewed by the circuit court. The Wisconsin Employment Relations Board may bring a proceeding to enforce its order.

When an injunction is issued by a court in an action, and that has been intentionally disobeyed by the defendants in the course of which they have committed assaults, destroyed property, prevented access to premises of the employer, committed other indignities against those who were seeking access to their place of employment, the civil law applies just as much to them as it does to any other party who has committed a violation of a court's order in some other form of proceeding.

The right to strike is a valuable right which not only the congress and legislatures of the various states but the courts, federal and state, have sought to guard and protect, but the right to strike does not include the right to commit assaults, destroy property, deprive other people of the right to earn their living in the place where they are employed.

If the appellants have been advised by their attorneys in the belief that the quotation states the law, and that the order and judgment of the circuit court is bad law, then it is not difficult to understand the actions of the appellants as found by the trial court.

In the administration of the law the courts of other states as well as this court protect the rights of workingmen as they are declared by the law, but in doing so it is not a part of their duty to ignore or palliate violations of law by workingmen who were treated exactly on the same basis and governed by the same law that governs other citizens of Wisconsin. While working-men enjoy certain rights and immunities not enjoyed by other citizens the conferring of these privileges gives them no license to violate the law of the land.

*By the Court.*—The judgment of the circuit court is affirmed.

FOWLER and FRITZ, JJ., took no part.